The plaintiff, Jackson B. Hosh and Allen Parkins, in the year 1855, formed and thereafter carried on a mercantile copartnership until its dissolution, in the spring of 1857. Allen Parkins died in 18...., leaving a will, which was duly proved, and the defendants appointed executors therein, who accepted the trust and undertook its discharge. On 6 November, 1869, the plaintiff commenced his action to have an (310) account taken of the firm transactions and for judgment for what may be found due him. The complaint alleges that the defendants have come into possession of assets, more than sufficient to pay off all the debts of the testator, and the answer denies that the defendants have any assets.
At April Term, 1870, reference was made to E. F. Foster to take and state an account, and his report afterwards made, was set aside, and reference made to J. P. Martin.
The latter filed his report at Fall Term, 1872, in which he finds due from testator to the plaintiff $623.70, and recommends judgment to be entered for that sum.
To the report the defendants filed exceptions, one of which was to the proposed entry of judgment against them in the absence of all proof of their having assets.
At Spring Term, 1883, counsel entered into the following agreement:
"In this case, it is agreed that the Hon. J. C. L. Gudger shall take all the papers in the case and find all the facts in the case necessary for a full determination of all the issues on the exceptions and the pleadings; that no further evidence be filed or offered, other than the depositions now on file and the testimony taken before the commissioners now on file, all of which are to be considered by the, judge, who shall *Page 248 
determine the same at his convenience before Watauga Special Term, in July, 1883. Either party may appeal within twenty days after notice of judgment."
Thereupon the following judgment was filed by Judge Gudger:
"This cause coming on to be heard upon the following depositions, etc., and the report of J. P. Martin, the commissioner last appointed in this case, and being heard, the court doth adopt the findings of facts of said J. P. Martin, and it is adjudged that the exceptions thereto, (311) filed by the defendants, be overruled; said exceptions are hereto appended, marked `A'; and it is further considered and adjudged, that the plaintiff have and recover of the defendants the sum of $623.70, with interest thereon from Fall Term, 1872, of Ashe Superior Court, together with the costs of this action, to be taxed by the clerk. It is further adjudged that the notes and accounts mentioned in the said report, if any remain on hand, be placed in the hands of............., who is hereby appointed receiver, and who, upon giving bond in the sum of $500 as required by law, will proceed to collect the outstanding notes and accounts. The said receiver will report to the court from time to time as to the sums thus collected. The cause is retained for further orders."
"An appeal is hereby granted if desired. Bond fixed at $25. The name of the receiver is left blank and can be filled by the parties as they may agree, and in default of agreement application can be made for appointment."
Upon this judgment, on 18 March, 1884, an execution was issued, commanding the sheriff to satisfy the same de bonis testatoris, "and if no such property can be found, then out of the property of the defendants," etc.
On 28 April, 1884, the defendants filed a petition setting forth, amongst other things, "that the judge did not pass on the defendants' plea of fully administered and no assets, neither has there been any finding or judgment fixing these defendants with assets belonging to their testator's estate, or in any way making them personally responsible for this judgment or any part thereof, and praying that the sheriff be restrained from selling their property (which had been levied on) under said execution, until they have an opportunity at the next term of said court, to move to set the same aside as having been wrongfully and informally issued, and for such other and further relief," etc.
(312) On 5 May, 1884, Shipp, Judge, ordered that, "The clerk of Ashe Superior Court will issue an order restraining the plaintiff, etc., to desist from further proceedings in this case until Wednesday, 14 May, 1884," etc.
On 9 May, 1884, said order was issued and served. *Page 249 
On 12 May, 1884, it being the Spring Term of said court, upon due notice it was ordered by Judge Shipp, "That the restraining order heretofore made in this cause be continued until next term of Ashe Superior Court, and in the meantime that an issue be made up, to be tried at the next term of this court, whether or not the defendants have fully administered the estate of Allen Parkins, and whether they had any assets belonging to said estate, and if so what amount.
It was further ordered by the court that the old notes, judgments and accounts belonging to said estate be delivered to the defendants to make all of them they can for the estate.
At the August Term, 1885, Judge Avery vacated so much of said order as required an issue as to assets to be submitted to the jury, the court being of opinion that the issue as to assets, if raised by the pleadings, had already been adjudicated; and further ordered that execution de bonispropriis be restrained until the next term of the court, and that notice issue to defendants to show cause at the next term of the court why execution shall not be issued de bonis propriis.
Both plaintiff and defendants excepted to the order of the court, reserving their right to take the benefit of said exception after the final judgment in the same.
On this order execution de bonis testatoris was issued, returnable to Spring Term, 1886, and returned, endorsed nulla bona. Notice also issued for defendants to show cause at next term why execution de bonis propriis
should not issue against them.
At Spring Term, 1886, his Honor, Judge Graves, defendants having filed an answer to rule:
"Adjudged upon the face of the proceedings, reports, orders (313) and decrees heretofore made, that the defendants have shown cause why execution de bonis propriis should not now be issued. Rule discharged."
Plaintiff excepted to the order, on the ground that his Honor erred in declining the motion of the plaintiff for execution de bonis propriis, and appealed to the Supreme Court.
The sole question brought up by the appeal, arises out of the refusal of the judge, upon the record, to award an execution against the personal goods of the defendants. While the possession of assets was directly averred and denied, and a material issue thus raised, which it was necessary to dispose of before the character of the final judgment could be ascertained, it has manifestly never *Page 250 
been considered by the referee, nor, so far as the record discloses, passed on by the judge. It was distinctly recalled to notice in an exception to the report. The agreement that the judge should take the case and find "the facts necessary for a full determination of all the issues on the exceptions and the pleadings," confines him to the proofs already taken, and therefore he could not affirmatively find any fact of which no evidence was furnished. In order to charge a representative with assets, they must be shown to be, or ought to have been, in his hands, and in the absence of all proof, the only possible finding, if there be any finding at all, must be in the negative. The entering up of judgment generally, was therefore not warranted, inasmuch as its legal effect then was to charge the defendants with assets, and to require them, if the debt could not be made out of the effects of their testator, after notice, to (314) show cause, and when no cause is shown, to pay it out of their own property.
Now, was it out of the power of the court so far to reopen the cause and reform the judgment, as to permit an inquiry to be made as to the assets? or could the judgment be so modified as not to charge the defendants personally? or is it a case of wrong without remedy?
The argument of the appellees' counsel assumes the latter to be the correct view, for the reason that the objection should have been made upon the rendition of the judgment. Ordinarily this is so, and the controversy as to every matter entering into the judgment is concluded and settled.
But we think it plain, the dispute before the referee and transferred to the judge, was as to the relations of the partners and the indebtedness ofthe deceased partner to the one who sues. The resources of the debtor were not the subject of inquiry before either, and the question of assets is left by both, open and undetermined. The error lies in the entering of a judgment before this inquiry was made. We must put this construction upon the record to avoid obvious and unintended injustice, and therefore we concur in the refusal of the court to direct the issue of the execution asked, until the preliminary matter is settled. There is no error. This will be certified for further action in the court below.
No error. Remanded.
Cited: S. c., 99 N.C. 537; Hardy v. Carr, 104 N.C. 36. *Page 251 
(315)