The action begun on 13 July, 1888, is prosecuted against the defendants Carr and Mayo, the former maker, and the latter endorser, of a promissory not, in these words: *Page 57 
$2,889.38. WHITAKERS, N.C. 1 November, 1886.
One day after date, I promise to pay to James M. Mayo, or order, twenty-eight hundred and eighty-nine dollars and thirty eight cents, value received, being in part payment of the purchase money in premises and stock of goods at Kill Quick, or Hickory Hill, in Edgecombe County, with interest from date at the rate of six per cent.
Witness my hand and seal. J. B. CARR. [Seal.]
The note was, on 20 November, 1886, endorsed by the payee to the plaintiff.
The complaint alleges the consideration for which the note (34) was given was a stock of goods and a tract of land consisting of about 200 acres, and that no money has been paid thereon, and the whole amount is due and demanded.
The defendant Carr answers (the other defendant failing to do so), and, admitting the making and endorsement as charged, says, in article 4:
"That said note was executed by him to defendant Mayo, in consideration of his interest in the stock of goods then in the store of J. B. Carr 
Co., at Hickory Hill (the two defendants being the members of that firm), and in further consideration of said Mayo having paid off certain claims against said firm in favor of Tucker, Smith Co., and Daniel, Miller 
Co., which claims the said Mayo then and there stated to respondent that he, said Mayo, had taken up with his own notes, so as to discharge respondent from all liability on account of the same."
He further says, he "is informed and believes that he has never been discharged from liability on such claims; and Mayo claimed no interest in the land described in the complaint, and it formed no part of the consideration of the note."
Upon this state of the pleading, without submitting the issues made therein, and after the defendant Carr and his counsel had departed from the court, was rendered the following judgment:
"This cause, coming on to be heard, and being heard, at this term of court, upon complaint and answer, and it appearing that service of the summons herein has been made upon the defendant Carr, and that defendant Mayo has accepted service upon said summons executed as to defendant Carr; and it further appearing that the plaintiff's complaint herein filed, is verified, and that defendant has answered thereto, it is now ordered and adjudged, upon the complaint and answer, (35) that the plaintiff is entitled to judgment, and that they recover of the defendant J. B. Carr and James M. Mayo, endorser of the note sued *Page 58 
upon, the sum of twenty-eight hundred and eighty-nine dollars and thirty-eight cents ($2,889.38), with interest thereon from 2 November, 1886, at six per cent, until paid, and cost of this action, to be taxed by the clerk.
"And, it further appearing that said note sued upon was given in part and contracted for the purchase money of a certain piece of land, lying and being in Edgecombe County, at Kill Quick, or Hickory Hill, containing, by estimation, 200 acres, which was purchased from R. H. Gatlin and wife, Penelope, adjoining the lands of V. B. Knight, E. M. Bryant, and others; it is therefore, considered that said sum of $2,889.38, with interest, as above described, shall be and constitute a lien upon said land and premises; and it is further considered that the plaintiff recover the cost of this action, to be taxed by the clerk."
The appeal is taken by the principal debtor alone, the endorser having failed to set up any defense to the plaintiff's demand, and submitted to the judgment.
The appellant sets up an equitable defense to the enforcement of the entire debt, because of the false and fraudulent representation as to the debtor's exoneration from certain liabilities, which was an inducement to the giving of the note and formed a part of the consideration, and because, in consequence, it would be inequitable to compel him to pay its full amount. This averment raises an inquiry to the determination of which a finding by the jury was necessary, and an issue should have been prepared and submitted, and it was (36) wholly irregular in the court to render a final judgment. Moreover, the judgment is itself erroneous in declaring the land subject to a lien for the entire debt, or even for such part thereof as measures the price of the land. Land, by the statute, remains liable to be sold under execution for the purchase money, and cannot be exempted from this liability, but no lien is created, except as in other cases of docketed judgments. Constitution, Art. X. sec. 2.
It is error, therefore, to enter up judgment upon pleadings which raise an issue of fact without first having it settled by a verdict in a proper manner. We refer to but a single case in support of the rule: Dickerson v.Wilcoxon, 97 N.C. 309.
Error. *Page 59