W. C. HARDY v. J. B. CARR and JAMES M. MAYO.

*Pleading—Trial by Jury—Homestead—Vendor's Lien—Judgment by Default.*

1. In an action by an endorsee to recover the amount due upon a promissory note against the maker. the latter set up the equitable defence of false and fraudulent representations by the original payee of the note and a failure of consideration : *Held,* that this raised a material issue of fact. which ought to have been submitted to a jury ; and that it was erroneous for the Court to render final judgment before this issue had been properly determined.

2. While land is not exempt, under the provisions of the Constitution and statutes providing for a homestead, from sale for its purchase money, no lien exists in favor of the vendor until he shall have reduced his debt to judgment, and had it docketed, as required of other judgments.

CIVIL ACTION, tried before *Montgomery, J.,* at Fall Term, 1888, of EDGECOMBE Superior Court.

The action begun on July 13, 1888, is prosecuted against the defendants Carr and Mayo, the former maker, and the latter endorser, of a promissory note, in these words:

$2,889.38.　　　　WHITAKER's, N. C., November 1, 1886.

One day after date, I promise to pay to James M. Mayo, or order, twenty-eight hundred and eighty-nine dollars and thirty-eight cents, value received, it being in part payment of the purchase money in premises and stock of goods at Kill Quick, or Hickory Hill, in Edgecombe County, with interest from date at the rate of six per cent.

Witness my hand and seal.　　　J. B. CARR. [SEAL.]

The note was, on November 20, 1886, endorsed by the payee to the plaintiff.

The complaint alleges the consideration for which the note was given, was a stock of goods, and a tract of land consisting of about two hundred acres, and that no money has been paid thereon, and the whole amount is due and demanded.

The defendant Carr answers (the other defendant failing to do so), and, admitting the making and endorsement as charged, says, in article 4:

"That said note was executed by him to defendant Mayo, in consideration of his interest in the stock of goods then in the store of J. B. Carr & Co., at Hickory Hill, (the two defendants being members of that firm), and in further consideration of said Mayo having paid off certain claims against said firm in favor of Tucker, Smith & Co., and Daniel, Miller & Co., which claims the said Mayo then and there stated to respondent that he, said Mayo, had taken up with his own notes, so as to discharge respondent from all liability on account of the same."

He further says, he "is informed and believes that he has never been discharged from liability on such claim; and Mayo claimed no interest in the land described in the complaint, and it formed no part of the consideration of the note."

Upon this state of the pleading, without submitting the issue made therein, and after the defendant Carr and his counsel had departed from the Court, was rendered the following judgment:

"This cause, coming on to be heard, and being heard, at this term of the Court, upon complaint and answer, and it appearing that service of the summons herein has been made upon the defendant Carr, and that defendant Mayo has accepted service upon said summons executed as to defendant Carr; and it further appearing that the plaintiff's complaint, herein filed, is verified, and that defendant has

answered thereto, it is now ordered and adjudged, upon the complaint and answer, that the plaintiff is entitled to judgment, and that they recover of the defendants J. B. Carr and James M. Mayo, endorser of the note sued upon, the sum of twenty-eight hundred and eighty-nine dollars and thirty-eight cents ($2,889.38), with interest thereon from 2d November, 1886, at six per cent., until paid, and cost of this action, to be taxed by the Clerk.

"And, it further appearing that said note sued upon was given in part and contracted for the purchase money of a certain piece of land, lying and being in Edgecombe County, at Kill Quick, or Hickory Hill, containing, by estimation, 200 acres, which was purchased from R. H. Gatlin and wife Penelope, adjoining the lands of V. B. Knight, E. M. Bryant, and others; it is, therefore, considered that said sum of $2,889.38, with interest, as above described, shall be and constitute a lien upon said land and premises; and it is further considered that the plaintiff recover the cost of this action, to be taxed by the Clerk."

The appeal is taken by the principal debtor alone, the endorser having failed to set up any defence to the plaintiff's demand, and submitted to the judgment.

*Mr. George V. Strong*, for the plaintiffs.
*Mr. S. F. Mordecai*, for the defendant.

SMITH, C. J. (after stating the case). The appellant sets up an equitable defence to the enforcement of the entire debt, because of a false and fraudulent representation as to the debtor's exoneration from certain liabilities, which was an inducement to the giving of the note and formed a part of the consideration, and because, in consequence, it would be inequitable to compel him to pay its full amount. This averment raises an inquiry to the determination of which a finding by the jury was necessary, and an issue should

have been prepared and submitted, and it was wholly irreg-
ular in the Court to render a final judgment. Moreover, the
judgment is itself erroneous in declaring the land subject to
a lien for the entire debt, or even for such part thereof as
measures the price of the land. Land, by the statute,
remains liable to be sold under execution for the purchase
money, and cannot be exempted from this liability, but no
lien is created, except as in other cases of docketed judg-
ments. Constitution Art. X, § 2.

It is error, therefore, to enter up judgment upon plead-
ings which raise an issue of fact without first having it set-
tled by a verdict in a proper manner. We refer to but a
single case in support of the rule: *Dickerson* v. *Wilcoxon*,
97 N. C., 309.

It must be declared there is error in rendering the judg-
ment, and it must be reversed.

Error.