LILLIAN C. MOSES v. W. T. MAJOR.

(Filed 10 November, 1931.)

1. **Judgments G a—Judgment is lien on all land to which judgment debtor has title at time of docketing of judgment.**

    Upon the docketing of a judgment it becomes a lien on all the land to which the judgment debtor has title for a period of ten years from the time of its docketing, C. S., 614, and the land is not relieved of the judgment lien by a subsequent transfer of title by the judgment debtor.

2. **Same—Judgment lien is not affected by adverse possession against the judgment debtor.**

    Adverse possession against the judgment debtor for a period of seven years under color of title does not affect the lien of the judgment creditor, the judgment creditor having no right of entry or cause of action for possession, but only a lien enforceable according to the prescribed procedure, and as to him the possession is not adverse. C. S., 428.

3. **Execution C a—Leave of court is not now necessary to execution on judgment after three years from date of docketing.**

    C. S., 668, providing that after the lapse of three years from the entry of judgment execution could be issued only by leave of court, was repealed by the act of 1927, and leave of court is not necessary for execution upon a judgment after the lapse of three years where the execution is issued after the effective date of the act of 1927 and within ten years from the date of the docketing of the judgment. C. S., 614.

APPEAL by plaintiff from *Clement, J.,* at April Term, 1931, of FORSYTH.

Action to enjoin the sale of land under execution and to cancel a judgment. The trial court found the following facts:

1. The defendant obtained a judgment against S. E. Case and E. S. Porter on 30 January, 1922, for $919, with interest thereon from 19 June, 1920, and for costs; and had the judgment docketed on 8 February, 1922.

2. At the time the judgment was docketed the record title to the property described in the complaint was in S. E. Case and E. S. Porter.

3. On or about 15 June, 1920, Harvey Allen executed a deed of trust on the property described in the complaint to E. P. Yates, trustee for S. E. Case, for a certain sum and said deed of trust was recorded in the office of the register of deeds of Forsyth County on or about 1 September, 1920.

4. On or about 25 January, 1921, a deed was executed by E. P. Yates, trustee, for the property described in the complaint, to A. F. Moses, and said deed was recorded on 9 February, 1921, in the office of the register of deeds of Forsyth County, and thereafter the said A. F. Moses conveyed said property to R. W. Tise; and in the latter part of 1929, R. W. Tise executed a quitclaim deed to said property to Lillian C. Moses, the plaintiff, which was recorded in the office of the register of deeds of Forsyth County, on 4 June, 1929; and the deed from A. F. Moses and wife to R. W. Tise was recorded in the office of the register of deeds of Forsyth County, on 7 January, 1928.

5. The defendant, on 9 August, 1929, caused an execution to be issued upon the judgment heretofore referred to, and caused the sheriff of Forsyth County to advertise for sale, for the satisfaction of said judgment, all the right, title and interest of S. E. Case and E. S. Porter in and to the land described in the complaint; the said execution was returned by the sheriff and thereafter another execution was issued and placed in the hands of the sheriff of Forsyth County, who advertised the land described in the complaint for sale under said execution on 2 December, 1929.

6. On or about 30 November, 1929, the plaintiff commenced the present action and restrained the defendant and the sheriff of Forsyth County from selling said land.

7. The judgment entitled W. T. Major v. S. E. Case and E. S. Porter is a valid lien on the property described in the complaint, known as lots numbered 5, 6, and 7, on the plat of A. F. Moses, recorded in the office of the register of deeds of Forsyth County, in Plat Book No. 2, at page 28A, and is superior to the claim of the plaintiff.

The jury returned the following verdict:

1. Have the plaintiff and those under whom she claims title been in open, notorious, and adverse possession, under known and visible metes and bounds, of the property described in the complaint, for a period of seven years prior to 9 August, 1929, as alleged in the complaint? Answer: Yes.

The trial judge being of opinion that the plaintiff and those under whom she claims did not hold the real property adversely to the defendant adjudged that the restraining order be dissolved and that the defendant recover his costs. The plaintiff excepted and appealed.

*N. S. Crews, H. Bryce Parker and Fred S. Hutchins for plaintiff.*
*Lacy M. Butler for defendant.*

ADAMS, J. So far as the record disclosed the title to the land described in the complaint was in Case and Porter when the defendant recovered his judgment against them. The judgment was docketed on 30 January, 1922, and was a lien on the land for a period of ten years from that date. C. S., 614.

In her complaint the plaintiff alleged that Case and Porter conveyed the property to Harvey Allen on 15 June, 1920, but the defendant denied the allegation and there is no finding that such conveyance was made. There is nothing in the record to show that title was ever conveyed by Case and Porter; and the docketed judgment fixed the lien upon the land when they had the title. The execution was issued on 9 August, 1929, within ten years from the date the judgment was docketed.

The plaintiff seeks to enjoin the execution and to vacate the judgment on the ground that the sale would create a cloud upon her title and would impair its value. She has no complete chain of title and relies upon adverse possession for seven years prior to the time the execution was issued as determined by the verdict. She says, also, that no execution was issued on the judgment during this period.

With respect to this proposition we may suggest that the statute relating to the possession of real property for seven years (C. S., 428) restricts an entry upon land or an action to recover it by a person claiming title or the right of possession. The defendant is a judgment creditor; he has no right of entry upon the plaintiff's land or cause of action for its possession; he has neither *jus in re* nor *jus ad rem* in the judgment debtor's land but a mere right to make his lien effectual by following the course prescribed by law. *Dail v. Freeman,* 92 N. C., 351. As to him the plaintiff's possession was not adverse. The land is not relieved of the judgment lien by a transfer of the debtor's title, and adverse possession cannot defeat the efficacy of a valid judgment lien. C. S., 668, which provided that after the lapse of three years from the entry of judgment execution could be issued only by leave of the court, was repealed by the act of 1927, before the issuance of the execution in question; and section 667 was made to conform to the new law. Pub. Laws 1927, ch. 24.

We are of opinion that none of the cases cited by the appellant sustains her several contentions.

No error.