MARY J. OSBORNE v. BOARD OF EDUCATION OF GUILFORD COUNTY,
    EX REL. STATE OF NORTH CAROLINA, AND JOE S. PHIPPS, SHERIFF
    OF GUILFORD COUNTY, NORTH CAROLINA.

(Filed 1 January, 1935.)

**1. Judgments G a—**

A judgment for a fine, duly docketed, constitutes a lien on the real
estate of defendant, C. S., 4655, which lien attaches immediately upon the
docketing of the judgment, C. S., 614.

**2. Same—**

An action on a judgment must be brought within ten years from its
rendition and docketing or the lien of the judgment against the lands of
the judgment debtor is lost, C. S., 437, but transfer of the lands by the
judgment debtor does not release the land of the lien.

**3. Same—Nonresidence of judgment debtor does not affect running of
statute against lien of judgment in favor of purchaser of the lands.**

Where a judgment for a fine is rendered against a defendant residing in
this State, and who remains in the State several months after the rendi-
tion and docketing of the judgment, the fact that thereafter the defendant
left the State will not prevent the loss of the judgment lien by the lapse
of ten years after the rendition and docketing of the judgment as against
a purchaser of the land from the judgment debtor, C. S., 437, no execution
on the judgment having been completed within the ten-year period, and
the land having been subject to sale under execution continuously since
the rendition and docketing of the judgment.

CIVIL ACTION, before *Alley, J.*, at October Criminal Term, 1934, of
GUILFORD.

W. F. Lethco owned in fee simple a forty-six-acre tract of land in
Guilford County. At the September Term, 1924, of the criminal court
for the county of Guilford, Lethco was convicted of a misdemeanor,
sentenced to the roads for a term of two years, and fined the sum of
$500.00 and costs. This judgment was docketed in the office of the clerk
of the Superior Court of Guilford County on 15 September, 1924.

On 15 December, 1924, Lethco conveyed said land to the plaintiff and
received the purchase price thereof, amounting to $1,400.00. The trial
judge found "that the plaintiff Mary J. Osborne, a citizen and resident
of the State of North Carolina, bought said land without having the
title examined or without actual knowledge of the judgment lien," etc.
Lethco escaped from the roads of Guilford County on 25 June, 1925,
and since said time "has remained away from the State of North Caro-
lina and is now a nonresident of the State of North Carolina."

On 4 September, 1934, the clerk of the Superior Court of Guilford
County issued an execution against Lethco and pursuant to such execu-
tion the sheriff advertised the land for sale on 22 October, 1934. The

plaintiff instituted this action to restrain the sale, contending that the ten-year statute of limitations protected her title.

The trial judge vacated the restraining order and taxed the plaintiff with the cost, and from such judgment the plaintiff appealed.

*Robert A. Merritt for plaintiff.*
*B. L. Fentress and D. Newton Farnell, Jr., for defendants.*

BROGDEN, J. Does the statute of limitations bar the right to sell the land under execution?

A judgment for a fine, duly docketed, constitutes a lien on the real estate of defendant (C. S., 4655), and such a lien attaches immediately upon the docketing of the judgment. C. S., 614. It is further provided by C. S., 437, that an action upon a judgment must be brought within ten years "from the date of its rendition." Manifestly, land is not relieved of a judgment lien by the mere transfer of the debtor's title. *Moses v. Major,* 201 N. C., 613. But it has been held that "the lien upon lands of a docketed judgment is lost by the lapse of ten years from the date of the docketing, and this notwithstanding execution was begun but not completed before the expiration of ten years." *Hyman v. Jones,* 205 N. C., 266, 171 S. E., 103.

The facts in the case at bar disclose that the judgment against Lethco was duly docketed on 15 September, 1924. Execution was issued thereon and the land advertised for sale on 22 October, 1934, or more than ten years from the date of the rendition and docketing of the judgment.

The defendant, however, asserts that the ten-year statute of limitations is tolled by reason of the fact that Lethco, the judgment debtor, fled the State in 1925, and as he is now a nonresident of the State, this period of nonresidence should not constitute a part of the ten years. In support of such contention the defendant relies upon C. S., 411, and C. S., 614. It is to be noted, however, that when the judgment was rendered Lethco was in the State and remained in the State several months after the judgment was docketed. Obviously, if Lethco was contesting the sale of the land under execution, the contention of defendant would be maintainable.

The land has been subject to sale under execution continuously since the rendition and docketing of the judgment, and the defendant has at all times had the right to have the land appropriated to the payment of the fine, but it has remained inactive until all the sand has run out of the glass, and the plaintiff's feet are now upon the rock.

Reversed.