CITY OF DURHAM v. A. J. POLLARD AND E. G. BELVIN, SHERIFF OF DURHAM COUNTY.

(Filed 31 May, 1941.)

**1. Judgments § 20—**

The lien of a docketed judgment attaches to all land situated in the county in which the judgment is docketed which is owned by the judgment debtor at the time the judgment is docketed, or which is acquired by him at any time within ten years of the date of the rendition of the judgment, but it is not a lien on land conveyed by the judgment debtor by deed duly registered prior to the docketing of the judgment. C. S., 614.

**2. Deeds § 10—**

A deed is ineffective as against creditors and purchasers for value from the grantor until the deed is registered, but upon registration, the deed is good even as against creditors and purchasers for value, even though the deed by which the grantor acquired title is unregistered. C. S., 3309.

**3. Judgments § 20—**

The *locus in quo* was conveyed to the judgment debtor by unregistered deed, but some five years prior to the docketing of the judgment the judgment debtor conveyed the property by deed which was duly recorded. *Held:* The lien of the judgment did not attach to the *locus in quo*.

APPEAL by defendant A. J. Pollard from *Carr, J.,* at March Term, 1941, of DURHAM.

Civil action to restrain sale of certain land under execution and to permanently enjoin defendants from otherwise interfering with plaintiff's use, title and possession of the same.

The parties waived jury trial, and the case was heard upon an agreed statement of facts. Substantially, the pertinent facts are these:

1. (a) J. R. Patton, Jr., and C. Corbett Cole, by virtue of a deed from Clarence Thorp, duly registered 4 August, 1924, became the owners in fee simple of the land involved in this action;

(b) J. R. Patton, Jr., and wife and C. Corbett Cole and wife conveyed said land to S. M. Credle by deed dated 15 August, 1925, acknowledged and delivered 20 August, 1925, and registered 15 August, 1931;

(c) S. M. Credle and wife conveyed the same to Gregory Sales Company by deed dated 19 August, 1925, acknowledged and delivered on or about 20 August, 1925, and duly registered 25 June, 1926;

(d) The said land was conveyed by Gregory Sales Company to Durham Realty and Insurance Company, by it to John Sprunt Hill and by him to plaintiff by successive deeds duly registered.

2. Each of the deeds in the chain of conveyances above described was based upon valuable consideration, was duly executed and delivered and registered as stated, and was sufficient in form to convey and purported to convey the land in question by proper and sufficient description.

3. On 1 June, 1931, the Merchants Bank obtained a judgment against S. M. Credle in the sum of $2,500, with interest and cost, less certain credit, and same was duly docketed in office of clerk of Superior Court of Durham County on the same day. This judgment was transferred and assigned to defendant A. J. Pollard, who now owns it.

4. A. J. Pollard, assignee of said judgment, has caused an execution to be issued thereunder to the sheriff of Durham County, who, by virtue thereof, is advertising said property for sale at the courthouse door.

Upon these facts the court, being of opinion that the judgment of the Merchants Bank against S. M. Credle, now owned by A. J. Pollard, as assignee, is not a lien upon the land involved, and that, therefore, defendants have no right to sell the land, and being further of the opinion that plaintiff is entitled to a permanent injunction restraining defendants from advertising or selling or attempting to sell the same under any execution issued or which may be issued in the future under authority of said judgment, entered judgment in accordance with such opinion.

Defendant A. J. Pollard appeals to Supreme Court and assigns error.

*Claude V. Jones for plaintiff, appellee.*
*S. C. Brawley and B. I. Satterfield for defendant, appellant.*

WINBORNE, J. The question for decision is this: Where S. M. Credle, the grantee of land under an unregistered deed, conveys the same to Gregory Sales Company, for valuable consideration, by deed which is duly registered, is a judgment, thereafter obtained by the Merchants

Bank against S. M. Credle and docketed in the county where the land lies before the deed to Credle is registered, a lien upon the land? The answer is "No."

A docketed judgment, directing the payment of money, is a lien on the real property situated in the county in which the judgment is docketed and owned by the judgment debtor at the time the judgment is docketed, or on such land as is acquired by him at any time within ten years from the date of the rendition of the judgment. However, "it is not a lien on land which has been conveyed by the judgment debtor by deed, duly registered prior to the docketing of the judgment." C. S., 614. *Helsabeck v. Vass,* 196 N. C., 603, 146 S. E., 576.

Furthermore, the Connor Act, Laws 1885, chapter 147, now C. S., 3309, provides that "no conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor or lessor, but from the registration thereof within the county where the land lies . . ." However, an unregistered deed conveys title from date of its delivery as against the grantor and all others except creditors of and purchasers for value from the grantor, donor or lessor. *Warren v. Williford,* 148 N. C., 474, 62 S. E., 697; *Bank v. Mitchell,* 203 N. C., 339, 166 S. E., 69, and cases there cited.

Hence, the Connor Act protects only creditors of the grantor, bargainor, or lessor, and purchasers for value, against an unregistered conveyance of land, contract to convey, or lease of land for more than three years. *Gosney v. McCullers,* 202 N. C., 326, 162 S. E., 746, and cases cited.

This means that where the owner of land conveys the same by deed, or contracts to convey it, or leases it for more than three years, such deed, contract or lease, until registered in the county where the land lies is invalid only as against his creditors and any who purchase for value from him.

In the present case the judgment is not against Patton and Cole, the grantors, in the deed to Credle which was unregistered on the first of June, 1931, the date on which the judgment against Credle was docketed. More than five years prior thereto and for valuable consideration Credle had conveyed the land to Gregory Sales Company by a deed which was registered on 25 June, 1926. Applying the principles above set forth, that deed conveyed the title from the date of its delivery as against Credle and all others except his creditors and purchasers for value from him. However, under the provisions of the Connor Act it became valid upon registration, even as against his creditors and purchasers for value from him.

The case of *Glass v. Shoe Co.*, 212 N. C., 70, 192 S. E., 899, and others relied upon by appellant, are distinguishable in factual situations from the case at bar.

Judgment of the court below is

Affirmed.