DR. FRED M. DULA, T/A DULA HOSPITAL, v. FRANK PARSONS.

(Filed 2 November, 1955.)

**1. Judgments § 22—**

A duly docketed judgment is a lien on the real property of the judgment debtor situated in the county and owned by the judgment debtor at the time the judgment is docketed and any land acquired by him at any time within ten years from date of the rendition of the judgment. G.S. 1-234.

**2. Registration § 4—**

No notice, however full and formal, as to the existence of a prior deed can take the place of registration, and a statement in registered deeds of trust that a certain tract was excluded therefrom because such tract had been sold by prior deed to another, is insufficient notice of such prior deed as against creditors and purchasers for value when such prior deed is not recorded.

**3. Judgments § 23½ : Homestead § 5—**

The grantee in a deed executed by the judgment debtor prior to the rendition of the judgment is not entitled to assert homestead in the lands as against the judgment creditor when the deed is not registered until after the docketing of the judgment, and the property is subject to sale under execution to satisfy the judgment.

APPEAL by defendant from *Rudisill, J.*, at May Term 1955, of CALD-WELL.

Civil action reduced to judgment on which execution issued,—heard upon motion of plaintiff to set aside a purported homestead allotted to grantee of judgment debtor.

These facts appear from the record and by stipulation of parties:

1. On 28 October, 1954, a judgment in favor of Dr. Fred M. Dula, t/a Dula Hospital, as plaintiff, and against Frank Parsons, as defendant, for the sum of $966.35, with interest and costs, was duly entered, recorded and docketed in Judgment Book 29 at page 3 in office of Clerk of Superior Court of Caldwell County.

2. Subsequent to the docketing of said judgment plaintiff caused an execution to be issued. It was returned by the sheriff endorsed to the effect that defendant had no property subject to execution. But on 23 February 1955 plaintiff again caused execution to be issued, and called to attention of sheriff property owned by defendant, and subject to execution. Thereupon the sheriff advertised the property for sale under the execution,—the sale to be held 20 April, 1955, at the courthouse in Lenoir, N. C.

3. Also subsequent to the docketing of said judgment, to wit, 1 November, 1954, Glenn D. Parsons, son of defendant, caused to be filed for registration and registered in the office of Register of Deeds for Caldwell County, N. C., in Deed Book 303 at page 341, an instrument bearing date 10 October, 1949, from Frank Parsons and wife, acknowledged and probated 19 October, 1954, purporting to convey to Glenn D. Parsons 13½ acres of land.

4. On 16 April, 1955, without written notice to plaintiff, Glenn Parsons requested the sheriff of Caldwell County to lay off to him a homestead in the above described tract of land, and same was purportedly laid off to include the full 13½ acres above described, and same was filed for registration in office of Register of Deeds for Caldwell County.

5. On 20 April, 1955, the sheriff, when he cried the sale of the property at the courthouse door in Lenoir at 12 o'clock noon, and before offering the land for sale, announced the laying off the homestead covering the entire 13½ acres, and only one bid was submitted, and that conditioned upon the purported homestead allotment being a nullity.

6. Defendant Frank Parsons has removed from the State of North Carolina.

7. Plaintiff, so contending, filed in this cause a motion praying among other things (a) that the purported allotment of homestead be declared a nullity, and of no effect, and canceled of record, (b) that the sheriff of Caldwell County be directed to re-advertise said property for sale under the execution issued, and to sell same free and clear

of the purported homestead allotment, and (c) for such other and further relief to which plaintiff might be entitled by virtue of facts set forth and adduced at the hearing upon the motion.

8. The cause came on for hearing upon the motion, without the intervention of a jury, when and where Glenn Parsons was represented by his attorneys, and orally testified in respect to the conveyance to him by his father Frank Parsons of the 13½ acres of land here involved. His testimony tended to show that his father delivered to him two deeds for this land,—that the first, dated 18 March, 1947, was not registered, but was later lost; and that the second, hereinafter referred to, was made by reason of the first being lost. He also offered from the deed records of Caldwell County:

(1) Records of two deeds of trust executed by F. A. Parsons and wife to a trustee for the Mutual Building & Loan Association of Lenoir, N. C., conveying certain specifically described 80 acres of land, "excepting from the foregoing . . . also that 13½ acres more or less tract conveyed by the parties of the first part to Glenn Parsons by deed dated March 18, 1947, forthwith intended to be recorded in the office of the Register of Deeds for Caldwell County, N. C." (a) The first of these two deeds of trust bears date 20 March, 1947, and appears to have been duly signed, sealed, acknowledged and probated, and filed for registration 21 March, 1947, and registered and thereafter stamped satisfied on 11 October, 1948; (b) the second of these two deeds of trust bears date 6 October, 1948, and appears to have been duly signed, sealed, acknowledged and probated, and filed for registration 11 October, 1948, and registered and thereafter stamped satisfied on 22 March, 1952.

(2) The Record of a warranty deed from F. A. Parsons and wife to R. R. Triplett and L. H. Wall, dated 15 October, 1954, purporting to have been duly signed, sealed, acknowledged and probated, and filed for registration 15 October, 1954, and purporting to convey two specifically described tracts of land "excepting from the above tracts a small tract of land sold to Glen Parsons by deed dated March 18, 1947, containing about 13 and one-half acres, more or less."

And (3) a warranty deed between F. A. Parsons and wife, E. P. Parsons, grantors, and Glenn D. Parsons and wife, grantees, purporting to be dated 10 October, 1949, signed and sealed, and acknowledged and probated 19 October, 1954, and filed for registration 1 November, 1954, and registered 3 November, 1954, in Book 303 at page 341 by specific description. (Note: The wife of Glenn D. Parsons was offered in corroboration of him, and it was admitted that she would corroborate his testimony.)

The court, after hearing evidence so offered by Glenn D. Parsons, finding facts, substantially as hereinabove set forth, being of the opinion (1) that the lien of the docketed judgment of plaintiff is prior to any rights obtained under the deed from Frank Parsons and wife, E. P. Parsons, to Glenn D. Parsons and wife, Joy Parsons, which was registered subsequent to the docketing of the judgment, and (2) that said property is subject to sale under execution to satisfy the judgment, entered judgment in which it is "ordered, adjudged and decreed that the said homestead allotment be, and the same is hereby set aside and declared of no effect, that the instrument purporting to be a record of said allotment be canceled of record by the Register of Deeds of Caldwell County, that the Sheriff of Caldwell County re-advertise said property for sale as by law provided and sell same free and clear of any homestead allotment, and that Glenn D. Parsons pay the costs incident to the motion."

To the signing of the judgment Glenn D. Parsons objects and excepts, and appeals to Supreme Court and assigns error.

*Claude F. Seila for plaintiff, appellee.*
*Fate J. Beal and Marshall E. Cline for respondent, appellant.*

WINBORNE, J.  The brief of appellant indicates that he challenges the judgment from which this appeal is taken on the ground that the exceptions appearing in the two deeds of trust, and in the deed from defendant, judgment debtor, as set forth in statement of facts hereinabove, gave to plaintiff sufficient recorded notice of the fact that defendant no longer owned any interest whatever in the 13½ acres of land here in controversy.  The contention is not well taken.

A docketed judgment, directing the payment of money, is a lien on the real property situated in the county in which the judgment is docketed and owned by the judgment debtor at the time the judgment is docketed, or on such land as is acquired by him at any time within ten years from the date of the rendition of the judgment.  G.S. 1-234, formerly C.S. 614.  *Durham v. Pollard*, 219 N.C. 750, 14 S.E. 2d 818.

Furthermore, the Connor Act, Laws 1885, Chap. 147, now G.S. 47-18, formerly C.S. 3309, provides that "No conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration from the donor, bargainor or lessor, but from the registration thereof within the county where the land lies . . ." *Durham v. Pollard, supra.*  Indeed "no notice however full and formal as to the existence of a prior deed can take the place of registration."  See opinion

by *Adams, J.,* in *McClure v. Crow,* 196 N.C. 657, 146 S.E. 713, and cases cited. This Court has uniformly so held.

All that the exceptions purport to do is to call attention to the existence of a prior deed, notice of which as just stated would not take the place of registration. They are not in the form of a deed and do not purport to convey any right or interest in the land excepted.

The cases cited by appellant as supporting authority for position taken by him are distinguishable in factual situations and are inapplicable here.

The judgment below will be, and it is hereby
Affirmed.