**GOLDSBORO MILLING COMPANY
and Quentin Gregory, Plaintiffs,**

v.

**Ronnie C. REAVES, Defendant.**

**No. 90–19–CIV–2–BO.**

United States District Court,
E.D. North Carolina,
Elizabeth City Division.

Nov. 21, 1991.

---

Cary Whitaker, Roanoke Rapids, N.C., for plaintiffs.

Asst. U.S. Atty. Linda Teal, Raleigh, N.C., for defendant.

**764**

## MEMORANDUM AND RECOMMENDATION

DENSON, United States Magistrate Judge.

May a party secured by a deed of trust on debtor's Parcel A pay taxes due on debtor's Parcel B and recoup this expense from the proceeds of sale of foreclosure on Parcel A? That is the interesting question that determines this case.

This is a dispute over disbursement of funds from a sale foreclosing a deed of trust to the Farmers Home Administration, United States Department of Agriculture (FmHA). The individual plaintiff was the owner of the land foreclosed and the corporate plaintiff was a judgment creditor of the individual plaintiff. The defendant, as substituted trustee of the deed of trust, conducted the sale and disbursed the proceeds. The case is now before the court on cross motions for summary judgment. The court heard oral argument on the motion on November 6, 1991 at which the plaintiff was represented by Cary Whitaker. The defendant was represented by the U.S. Attorney, Assistant U.S. Attorney Linda Teal appearing, because he was acting on behalf of the government.

The court begins by gleaning from the record those relevant facts that are not disputed. Beginning in the 1970's FmHA made several loans to plaintiff Quentin Gregory, Jr. (Gregory) secured by deeds of trust on several tracts of land owned by Gregory in Halifax County. Beginning in 1982 Gregory suffered financial misfortune. On January 14, 1982 plaintiff Goldsboro Milling Company recovered a judgment against Gregory in the sum of $23,090.50. Gregory failed to pay his real property taxes to Halifax County for the years 1982 through 1987. On June 26, 1987 the County recovered a judgment against Gregory for taxes for the years 1982 through 1986 in the sum of $47,338.

On July 24, 1987 the defendant was appointed as Substitute Trustee for Grego-ry's deeds of trust to FmHA. Subsequently, on instructions from FmHA as secured party and beneficiary of the deeds of trust, the defendant initiated foreclosure proceedings on four labor housing tracts pledged as security in three of the deeds of trust. On October 27, 1987, while the foreclosure proceedings were still pending, FmHA received a notice from the Halifax County Tax Collector that all of Gregory's real property in Halifax County was scheduled to be sold on December 28, 1987 to satisfy the tax judgment. On December 23, 1987 FmHA paid Halifax County the sum of $57,099.77 to stop the tax sale.

Gregory attempted to stop FmHA's foreclosure proceedings by judicial intervention, but succeeded only in delaying them. Finally, on January 18, 1989 the defendant sold the four labor housing tracts at a foreclosure sale for the sum of $98,004. At the time of this sale the principal and interest owed FmHA for loans secured by the four labor housing tracts was $67,625.27. In addition, FmHA claimed reimbursement for the $57,099.77 it paid for taxes and $5,044.03 in interest on that sum. Thus, FmHA claimed a total of $129,769.07.[1] From the sales proceeds of $98,004 the defendant, as substitute trustee, paid current taxes on the four tracts sold and various costs associated with the sale totalling $3,136.25, leaving a balance of $94,867.75 which he paid to FmHA towards its $129,769.07 claimed debt.

Plaintiffs claim that of the taxes owed on Gregory's lands, only $1,601.25 were attributable to the parcels being foreclosed. They contend that it was improper for the trustee to reimburse FmHA for taxes it paid on parcels not being foreclosed and that instead those funds should have been paid to the Clerk of Court who would have presumably used them to pay Goldsboro Milling's judgment. Under plaintiffs' calculations, the proper disbursement of the $98,004 sales proceeds would have been $1,604.25 for taxes, $1,535.00 as expenses of foreclosure, and $67,625.27 principal and interest on the foreclosed deeds of trust,

---

1. Defendant's Memorandum in Support, at p. 6, claims FmHA was owed $130,728.70 attributable to the foreclosed tracts; however, $959.63 of that sum were various costs of the sale. It is not clear whether FmHA advanced these costs.

leaving a balance of $27,242.48 available to pay on the Goldsboro Milling judgment. It is this $27,242.48 that is at issue in this litigation.

FmHA responds that taxes owed on each tract of the debtor's realty in the county were a lien on all other tracts and that it had to pay all of these taxes in order to prevent the labor housing tracts from being sold for taxes, cutting off their deeds of trust.

### Real Property Tax Liens

■ Are real property taxes owed on debtor's Parcel A a lien on his Parcel B in the same county? The undersigned concludes they are not.

The North Carolina Supreme Court has stated that "The lien of State, County and municipal taxes in each year attaches to all real estate of the taxpayer situated within the county or municipality in which the tax list is made." *Guilford County v. Estates Administration, Inc.*, 213 N.C. 763, 765, 197 S.E. 535 (1938). A respected authority agrees: "Taxes levied by a county or municipality which are unpaid constitute a lien on all real property belonging to the taxpayer which is located within the taxing unit." P. Hetrick and J. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 454 (3rd Ed.).

The authority for these statements, however, was former N.C.Gen.Stat. § 105–340. That statute was ambiguous as to the narrow question of whether taxes on one parcel were a lien on another parcel owned by the same taxpayer. The specific language of the statute was:

> The lien of taxes levied on property and polls listed pursuant to this subchapter shall attach to real estate as of the day of which property is listed ...

The statute did *not* say that the lien attached to *all* real estate and certainly one construction of it would be that it attached only to the parcel taxed.

In any case, that statute was repealed by The Machinery Act of 1971 which rewrote the North Carolina law on listing, assessment, and collection of taxes on property. *See* 1971 N.C. Session Laws, ch. 806. In this new statutory scheme, N.C.Gen.Stat. § 105–340 was replaced with § 105–355, which reads: "... [T]he lien for taxes levied on a parcel of real property shall attach *to the parcel taxed* (as of January 1 of the listing year)." [2]

Thus, old cases, such as *Guilford County*, construing § 105–340, are irrelevant to current law under § 105–355 which clearly indicates that liens for real property taxes attach only to the parcel taxed. Accordingly, taxes owed on Parcel A are *not* a lien on taxpayer's Parcel B in the same county.

### Severability of Real Property Taxes

■ When taxes are owed on several parcels of real estate in a county, may an interested party pay the taxes owed on only one parcel and cancel the tax lien on that parcel? Yes.

Since real property taxes are a lien only on the parcel on which they are accrued, payment of those taxes extinguishes the lien. The taxes owed on other parcels would not attach as a lien on the parcel on which the taxes were paid, even if these taxes owed on the other parcel are later reduced to a judgment. N.C.Gen.Stat. § 105–362(b)(4). Bear in mind, however, that personal property taxes are a lien on all the realty owed in the listing area. Nevertheless, a given parcel of realty may be released from the lien of personal property taxes by payment of a pro-rata portion of those taxes. *See* N.C.Gen.Stat. § 105–362(b).

If taxes are not paid, eventually they must be advertised before the property is sold. "At any time during the advertising period, any parcel may be withdrawn from the list by payment of the taxes plus interest that has accrued to the time of payment and a proportionate part of the advertising

---

2. Supplemental authority presented to the court by the defendant misses the point because it relates to the lien of personal property taxes. The lien for personal property taxes does attach to all realty owned by the taxpayer in the county, N.C.Gen.Stat. § 105–355; however, the taxes involved here were real property taxes.

fee to be determined by the tax collector." N.C.Gen.Stat. § 105–369(e).

Thus, any time before the taxes have been reduced to a judgment one may pay the real property taxes accrued on a specific parcel, with a pro-rata portion of any personal property taxes and advertising expenses, and have that parcel released from all tax liens.

### Judgment Liens

■ The county recovered a judgment on June 26, 1987 in the sum of $47,338.00 for Gregory's unpaid property taxes. Is a judgment for taxes a lien on all of the property owned by the judgment debtor in the county? Yes. A judgment for taxes is a judgment directing the payment of money and such judgments are a lien on all the real property owned by the judgment debtor in the county where the judgment is docketed. N.C.Gen.Stat. § 1–234; *Hardy v. Carr*, 104 N.C. 33, 36, 10 S.E. 128 (1889).

■ In the preceding section, it was observed that if taxes on a particular parcel are paid *before* they are reduced to judgment, any subsequent judgment on other parcels will not be a lien on the released parcel. That result is dictated by N.C.Gen. Stat. § 105–362(b)(4). However, if the taxes are not paid until after they are reduced to judgment, at that point they are simply a money judgment and, as such, are a lien on all the real property in the county where the judgment is docketed.

■ Even so, that does not mean that the judgment for taxes is superior to plaintiff Goldsboro Milling's judgment for a debt. Judgments become a lien on the debtor's lands from the time they are docketed. *Hoppock, Glenn & Co. v. Shober*, 69 N.C. 154 [153] (1873); *Osborne v. Board of Education*, 207 N.C. 503, 504, 177 S.E. 642 (1934); *Dula v. Parsons*, 243 N.C. 32, 35, 89 S.E.2d 797 (1955). Goldsboro Milling's judgment was docketed five years before the judgment for taxes and so the lien created by its judgment is superior to that created by the tax judgment.

■ Moreover, it was not necessary for the trustee or beneficiary of the deeds

of trust to pay the tax judgment in order to foreclose because the deeds of trust were recorded in the 1970's. A judgment docketed subsequent to the recordation of a deed of trust does not affect the lien of that deed of trust. *Jarrett v. Holland*, 213 N.C. 428, 196 S.E. 314 (1938); *Lowery v. Wilson*, 214 N.C. 800, 804, 200 S.E. 861 (1938). At a foreclosure sale the trustee of the deed of trust conveys title as it was at the time the deed of trust was recorded, free from any encumbrance of a judgment docketed thereafter. *Military Academy v. Dockery*, 244 N.C. 427, 94 S.E.2d 354 (1956).

■ Thus, the tax judgment would not affect the foreclosure and would be junior to the corporate plaintiff's money judgment. It would, however, be a lien on surplus proceeds of sale from the foreclosure. N.C.Gen.Stat. § 45–21.31 describes the order of distribution of proceeds of the foreclosure sale. Such proceeds must be paid: (1) to the costs and expenses of the sale; (2) to taxes due and unpaid *on the property sold;* (3) to special assessments against the property; and then (4) to the obligation secured by the mortgage or deed of trust. The statute directs that any surplus proceeds be paid "to the person or persons entitled thereto" or to the Clerk of Superior Court for distribution. Potentially, under this mandated disbursement, proceeds of sale might have been properly paid towards the tax judgment but only *after* payment of the prior judgment of the corporate plaintiff.

### Trustee's Fiduciary Obligations

■ The beneficiary of a deed of trust is empowered by statute to pay delinquent taxes on the land comprising the security and add the cost of these taxes to the secured debt. *Stell v. First Citizens Bank & Trust Co.*, 223 N.C. 550, 553, 27 S.E.2d 524 (1943). The statutory authority is N.C.Gen.Stat. § 105–386 which empowers a trustee of a deed of trust to pay taxes that are a lien on the land and recover the amount paid. This statute gives such a trustee a lien superior to all other liens.

Furthermore, N.C.Gen.Stat. § 105–207 imposes on fiduciaries, including trustees, the obligation to pay taxes on trust property out of trust funds. His failure to do so renders him personally liable for the taxes. Also, "If he permits such property to be sold by reason of his negligence to pay the taxes when he has funds in hand, he shall be liable to his ward, principal, or cestui que trust for all actual damages incident to such neglect." *Id.*

However, these statutes are concerned with taxes that are liens on the property and do not authorize payment of other taxes which are not a lien on the security.

Even though the law provides that taxes on specific parcels may be severed and paid in extinction of the lien without paying taxes on other parcels, defendant contends it was not given this option. In support of its motion for summary judgment, the defendant has submitted the affidavit of Wilbur Ray Daniels, the FmHA county supervisor for Halifax County. Mr. Daniels avers that during the foreclosure proceeding he was informed of the tax judgment to Halifax County in the sum of $57,099.77 and that this property was to be sold for the taxes free of any other lien. He also states:

> That the Halifax County Tax Collector instructed me that FmHA would be required to pay the Halifax County tax judgment and lien for taxes in full, and that Halifax County would not pro-rate or allow partial payment for amounts attributable to the labor housing tracts.

Affidavit, para. 5, Exhibit F to defendant's Memorandum filed July 5, 1991.

■ A trustee has a duty to preserve trust property. "The trustee is under a duty to the beneficiary to use reasonable care and skill to preserve the trust property." R. Lee, *North Carolina Law of Trusts,* § 20a, (7th Ed.), quoting the *Restatement of Trusts,* § 176. *See also Jarrett v. Green,* 230 N.C. 104, 52 S.E.2d 223 (1949). Therefore, if the trustee of these deeds of trust found it necessary to pay the taxes on the other parcels in order to prevent the tax sale of these parcels, it was a proper discharge of his fiduciary duties to

pay those taxes to preserve the trust property and it would be appropriate for him to reimburse from the sales proceeds the beneficiary if it had paid the taxes under those circumstances. Not only is this the law, but it is a specific clause in the deeds of trust:

> ... the Government may at any time pay ... any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower ...

Clause 4, page 2 of the deeds of trust, Exhibits A, B, and C to Gregory's affidavit in support of his Motion for Summary Judgment.

■ Thus, if the county tax collectors demanded that the defendant pay the taxes on *all* of Gregory's lands in order to stop the tax sale of the parcels subject to defendant's deed of trust, refusing to accept the taxes only on those parcels in discharge of the tax lien on them, then defendant is entitled to reimbursement of those taxes even if the tax collector was wrong in making the demand.

Plaintiffs deny, however, that this was the case. They have submitted the affidavit of Gerald L. Wright, Tax Supervisor of Halifax County who avers

> That it is the position of Halifax County that a parcel of real property may be released from a judgment for county taxes on multiple parcels owned by one person within the taxing unit upon payment of the taxes due with regard to such parcel without paying all taxes to which the judgment applies.

Affidavit, para. 2, Exhibit to Plaintiffs' Memorandum filed July 1991. Defendant points out that Wright's affidavit does not specifically deny that he was not allowed to sever and pay only those taxes on the parcels being foreclosed, but only that it was the *policy* to allow such. In support of this position, defendant has submitted a copy of a letter from Wright dated October 29, 1987 stating:

> This is to advise you that a judgment was docketed against Quentin Gregory, Jr. on June 26, 1987 in the Office of the Clerk of Superior Court for delinquent

taxes for the years 1982–1986. This property is scheduled to be sold on December 28, 1987.

Please note that four months have passed and there are now only two months left for your office to act on this matter in order to protect your lien. If this property is sold, it will be sold free and clear of your lien.

This letter does not say that the FmHA could sever and pay only the taxes owed on the parcels under their deed of trust.

■■■ Nevertheless, Wright's affidavit to plaintiffs is sufficient to raise a genuine issue of the material fact of whether the defendant could have paid only the taxes attributable to the parcels being foreclosed or whether he was required to pay the taxes due on all of Gregory's lands.

The court observes that, ironically, the release given by the Tax Administrator to FmHA in return for the taxes paid is styled a "Partial Release" and recites

And Whereas, by Resolution passed on October 19, 1987, the Halifax County Board of Commissioners authorized the release from the lien of its judgments, real estate which is subject to recorded liens, *if the lienholder pays the county tax on that portion of the real estate on which it holds a lien;*

Exhibit E to Defendant's Memorandum filed July 5, 1991. (emphasis added). In fact, the release was a complete release because FmHA paid all of the taxes, but the language used in the release indicates that Halifax County would accept payments on only specific tracts and grant a partial release of those tracts from the tax lien.

Since it is necessary to resolve this factual dispute, summary judgment cannot be granted for either side.

### Summary

Under the applicable North Carolina law, the beneficiary or trustee of these deeds of trust should have been allowed to sever out the real property taxes attributable to the secured parcels and pay only those taxes, releasing them from the tax liens. If it was necessary to pay only these taxes, then funds used to reimburse for payment of taxes on other parcels ought instead have been used to pay prior liens, such as the corporate plaintiff's 1982 judgment. Under this scenario, plaintiffs' motion for summary judgment should be allowed.

If, however, the county tax authorities refused to allow such severance and demanded instead that the taxes owed on all of Gregory's lands be paid in order to stop the tax sale, the beneficiary and the trustee were authorized by law and by these deeds of trust to pay all of those taxes and charge them as advancements to the deeds of trust, recouping those advancements from the proceeds of the foreclosure sale. Under this scenario, defendant's motion for summary judgment should be allowed.

The critical fact determinative of which motion should be allowed is in dispute.

IT IS HEREBY RECOMMENDED that both motions for summary judgment BE DENIED and that the case be set for trial or evidentiary hearing on the factual issue of whether defendant could have paid the taxes on only the parcels being foreclosed.