### In re PEMBERTON.

(District Court, S. D. Florida. March, 1919.)

BANKRUPTCY ⊕188(3)—CREDITORS' SUIT CREATING PRIOR LIEN.

A creditors' bill and lis pendens filed more than four months prior to bankruptcy of the debtor and at the time of commencement of an action at law, as authorized by Gen. St. Fla. 1906, § 1961, to subject property conveyed by the debtor to the judgment in the action at law, *held* to create an equitable lien on such property under the laws of the state enforceable as against general creditors in bankruptcy, where followed by a judgment at law.

In Bankruptcy. In the matter of S. L. Pemberton, bankrupt. On review of order of referee adjudging an equitable lien in favor of the American National Bank of Tampa. Affirmed.

McKay & Withers, of Tampa, Fla., for Wilson & Toomer Fertilizer Co.

Hilton S. Hampton, of Tampa, Fla., for American Nat. Bank of Tampa.

CALL, District Judge. The order of the referee adjudging the American National Bank of Tampa to have a lien by virtue of the bill of complaint filed by it July 10, 1918, is brought before me for review. The question of law to be decided is: Did the creditor, by filing its bill and notice of lis pendens, acquire an equitable lien upon the property sought to be subjected to its debt, and thereby is entitled to a preference over the general creditors of the bankrupt?

There is no question but that the bill was filed more than four months before any proceedings in bankruptcy were taken to subject the property theretofore conveyed away by the bankrupt and a lis pendens filed, an action at law commenced seeking to reduce its claim to judgment, and that said action at law subsequently resulted in a judgment in favor of the bank. Under well-recognized rules of law the filing by a judgment creditor of a bill to accomplish the object of the bill in this case, would constitute an equitable lien.

The contention in this case is that because the complainant did not at the time of filing its bill have such judgment, nor a receiver appointed, nor injunction issued, but filed its bill in the state court, pursuant to authority given in the state statute (section 1961, General Statutes of Florida), no such equitable lien exists. There can scarcely be any doubt that, had the bank procured the appointment of a receiver or the issuance of an injunction on its bill, such an equitable lien would have entitled the bank to a preference, although no judgment at law had been obtained prior to the filing of the bill. As I understand the

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

law, the filing of such a bill by a creditor to subject property, the title to which is not in the name of the debtor, is an equitable levy upon such property, and vests in the complainant the right to have such property first applied to the payment of his debt, if he prevails.

Under the general rules of law a creditor before judgment could not maintain such a bill, nor does the act of the Legislature of Florida vest the chancery side of this court with jurisdiction to entertain such a bill, but it does vest such jurisdiction in the state circuit court, and the bankruptcy law recognizes and enforces such liens given by state laws. Chancery was without jurisdiction to entertain such suits because no lien existed prior to the creditor obtaining judgment, but the section of the General Statutes of Florida referred to vests this jurisdiction in the state circuit courts where action at law has been commenced. It was not the lien of judgment that gave priority to the creditor, but equitable lien created by the filing of the bill. I can see no just reason why the same effect should not be given to the bill filed in the state court and the state statute.

The order of the referee is affirmed.