MRS. JOHN DILLARD, T. J. THOMASSON, B. A. RICKETT, W. T. HOLLAND, AND DOC PUETT, ON BEHALF OF THEMSELVES AND ALL OTHER CREDITORS OF J. W. WALKER, v. J. W. WALKER, WILLIAM WALKER, BANK OF MURPHY, A. J. BURNS, GURNEY P. HOOD, STATE BANKING COMMISSIONER, AND G. N. HENSON, AGENT FOR SAID COMMISSIONER, AND LIQUIDATING AGENT FOR CENTRAL BANK AND TRUST COMPANY OF ASHEVILLE, NORTH CAROLINA.

(Filed 25 January, 1933.)

1. **Receivers A a—Under the facts of this case the appointment of a receiver for solvent debtor is upheld.**

While ordinarily a receiver will not be appointed for a debtor where insolvency is not shown, the appointment of a receiver in a general creditors' bill will not be held for error when the debtor joins in the request for the receivership and none of the creditors object to the appointment of the receiver, and the receiver is appointed for the benefit of all creditors and their rights are protected in accordance with their claims for priority, and the cause is retained by the court.

2. **Same—Reduction of claims to judgment is not prerequisite to creditors' right to file a general creditors' bill.**

A suit in the nature of a general creditors' bill may be instituted under our statutes by creditors before they have reduced their claims to judgment, it being permissible for the creditors to join in one action a proceeding to recover judgment for the amount of their debts and to subject the debtor's property to the payment thereof, the Superior Court having jurisdiction of both legal and equitable matters, and the court may proceed to determine the validity of the debtor's deed to his son, attacked by the creditors as being voluntary, and to determine the rights of the parties and fix the priorities of payment.

3. **Receivers E b — Allowing creditors bringing independent actions priority in accordance with date of docketing held not error.**

Where independent actions by creditors have been brought against a debtor who is also a defendant in a suit in the nature of a general creditors' bill, it is not error for the court, upon a proper showing, to permit the plaintiffs in the independent actions to proceed to judgment, restrain the issuance of execution by them, and preserve their rights of priority in the suit in the nature of a general creditors' bill in which they have been made parties, the docketing of their judgments being a lien upon the debtor's lands in accordance with the date of their docketing, C. S., 614, entitling them to priority of payment after the payment of taxes.

APPEAL by certain creditors of defendant, J. W. Walker, from *Sink, J.,* at August Term, 1932, of CHEROKEE. Affirmed.

*R. L. Phillips* for *Mrs. Frankie Maxwell.*

*F. O. Christopher* for town of Andrews and Will Luther, executor, appellant.

*Marshall W. Bell* and *D. Witherspoon* for Bank of Murphy and A. J. Burns.

*Johnson, Smathers & Rollins* for Gurney P. Hood, Commissioner of Banks, ex rel. Central Bank and Trust Company, Asheville, N. C., appellees.

CLARKSON, J. We have read the record and examined the briefs of the litigants carefully. The whole proceeding is peculiar in many respects and we will have to "fish out" the matters to give it proper consideration. It appears from the complaint that the assets of the defendant J. W. Walker in real and personal property amount to some $131,621 and his liabilities are approximately $85,000. The action is in the nature of a creditor's bill. There is no insolvency from the pleadings, therefore there could be no receiver appointed on that account. *Woodall v. Bank,* 201 N. C., 428.

The plaintiff in the prayer for relief sets out the grounds:

1. That they do have and recover of the defendant, J. W. Walker, the amounts due them respectively on their said claims.

2. That the alleged conveyance from J. W. Walker to his son, and codefendant, William Walker, be declared void as having been voluntary, and as having been executed by said defendant without consideration, and without retaining assets with which to discharge his obligations.

3. That the court do take charge of the aforesaid assets of defendant, J. W. Walker, and administer same through a receiver as a common fund for the benefit of all his said creditors, and

4. That the three creditors hereinbefore referred to who have begun separate and independent actions be restrained and enjoined from prosecuting further said actions, and that they do be required to come in this action and participate herein as creditors of said J. W. Walker, and upon their refusal so to do that they be forever barred from participating in said assets; that any other creditors threatening separate and independent actions be enjoined from doing so and that the receiver advertise for creditors of said J. W. Walker, to come into this action and file proof of their respective claims, and that, where possible, personal notice be given by said receiver to all said creditors to file proof of claim and make themselves parties to this action, and

5. That plaintiffs do recover, before general distribution by said receiver, such costs as they may have expended herein, and that the remaining costs be taxed by the court against said general assets, and

6. That plaintiffs do have and recover such other and further relief as in the premises they may be entitled to.

In the assets set forth in the complaint is 2,000 acres of land, three farms, listed as worth $67,500. It is alleged in the complaint that one-half interest in J. W. Walker's three farms of 2,000 acres was conveyed to his son, William Walker. An application by J. W. Walker was made to the Federal Land Bank of Columbia for a loan of $50,000, but the rules of the bank were to the effect that an individual borrower could not exceed $25,000, is the reason the deed to one-half interest was conveyed to William Walker. For certain other reasons the loan was not made. In 8 R. C. L. Creditors Bill, p. 5, part sec. 5, is the following: "It is now well settled that lands or personal property in which a debtor has an equitable estate or interest, the legal title being in another, may be reached by a creditor's bill."

In *Hancock v. Wooten,* 107 N. C., at p. 21 it is said: "Under the former practice, in either of the last mentioned cases, it was necessary, before a resort could be had to a court of equity, that the creditor should first obtain judgment and show that the legal remedy by execution was ineffectual; but this, under the decision of this Court in *Bank v. Harris,* 84 N. C., 206, is now unnecessary, and both causes of action may be included in one suit. This decision by no means ignores the distinct

character of a judgment creditor's bill. On the contrary, it expressly recognizes it as it formerly existed, dispensing only with the necessity of obtaining a judgment in an independent action."

In *Grocery Co. v. Banks,* 185 N. C., at p. 152 the principle is also set forth as follows: "It is settled, therefore, that the creditors may resort to either remedy, under the doctrine of election, and in this instance, having selected the equitable one, he may proceed therein to allege a fraudulent sale, have the same set aside, and the property subjected to sale under decree of the court for the satisfaction of his claim, and especially is this true under our present judicial system. *Harrison v. Battle,* 16 N. C., 537. And it is not now required that the debt should be first reduced to judgment, as a creditor may join in one action a proceeding to recover a judgment for the amount of his debt and another to subject property to the payment thereof, or to enforce his judgment by a mandamus in proper cases, *McLendon v. Commissioners,* 71 N. C., 38, as, under The Code and the present procedure the Superior Court has cognizance of both legal and equitable actions. *Bank v. Harris,* 84 N. C., 206."

It may be that the plaintiff's complaint discloses that J. W. Walker had sufficient property available to pay his debts when the deed to one-half interest in 2,000 acres of land was made to his son.

"If the conveyance is voluntary, and the grantor retains property fully sufficient and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid." *Aman v. Walker,* 165 N. C., at p. 227. *Foster v. Moore, ante,* 9. The complaint was filed 28 October, 1931. An injunction and restraining order was issued by Judge W. F. Harding on the same day, and notice was issued to defendants to show cause why a receiver should not be appointed for the assets and property of the said J. W. Walker, and to the interest therein claimed by the defendant William Walker, to be managed, controlled and administered under the supervision and direction of the court. J. W. Walker filed affidavit which in part says: "That after he had executed and delivered said deed and had filed said applications, he ascertained for the first time that said bank could not legally grant said loans where the proceeds thereof were to be used for the purpose of discharging indebtedness incurred otherwise than for the purchase of said lands, or in making improvements thereon; that affiant's said son, William Walker, paid nothing for the said conveyance, but same was made for the sole purpose of applying for the said loan and that said William Walker holds said title merely as trustee for this affiant, and that affiant is informed and believes that the said William Walker will not reject a judgment declaring him a trustee of

DILLARD v. WALKER.

the legal title to the said lands for the use and benefit of this affiant. That affiant's chief interest and concern is to see that all his creditors are paid in full, and that he stands ready and willing to turn over all of his property and assets, subject to his exemptions allowed by law, to any receiver appointed by this court to be administered by said receiver under the orders and directions of the court for the benefit of affiant's creditors."

Bank of Murphy and A. J. Burns filed answer among other things set forth: "The Bank of Murphy, respectfully shows to the court that on 16 October, 1931, it filed complaint and caused a summons to regularly issue against J. W. Walker and W. P. Walker, his son (the same person referred to in the complaint as William Walker) to recover the sum of seven hundred dollars ($700) balance due on a promissory note for one thousand dollars ($1,000), dated 2 August, 1930, due four months after date, with interest on same from 2 October, 1931, till paid; summons and copy of complaint were served on defendants on 16 October, 1931, and plaintiff in that suit becomes entitled to judgment by default final on 16 November, 1931, unless bona fide answer is filed by defendants therein within the thirty days after service allowed by law;

"That defendant A. J. Burns, on 24 October, 1931, filed his complaint and summons regularly issued on said date against J. W. Walker, and one C. M. Wofford, to recover upon a note signed by J. W. Walker, payable to C. M. Wofford and endorsed by said Wofford to said Burns, for the sum of six thousand two hundred fifty dollars ($6,250), with interest thereon from 1 August, 1931, which note is dated 22 December, 1925, due six months after date, on which the interest has been paid to 1 August, 1931, and said summons was duly served on defendants in that suit on 24 October, 1931, with copy of the complaint, and the plaintiff in said suit becomes entitled to judgment by default final on 24 November, 1931, unless bona fide answer is filed within the thirty days allowed by law. . . . That the rights of these defendants to their respective judgments accrued at the times the summons issued in each and their right of priority is determined thereby, together with the diligence each may display; that plaintiffs had the same right to begin suit on their respective claims, which they have not done, and these defendants respectfully protest against their being enjoined in their actions in the effort made by plaintiffs to deprive these defendants of whatever advantage the law gives them by reason of their diligence. . . . That, as these defendants are advised and believe, the Superior Courts of North Carolina have no jurisdiction to take charge of and administer the property of a debtor for the benefit of creditors as attempted in this action."

On 4 November, 1931, Judge Harding rendered the following judgment in part: "This cause coming on to be heard upon the motion to vacate the restraining order issued on 28 October, 1931, restraining the Bank of Murphy, A. J. Burns, and Central Bank and Trust Company from prosecuting their actions against J. W. Walker, and for appointing a receiver of the property of said J. W. Walker, it is ordered by the court that said injunction and restraining order be, and the same is hereby vacated and set aside, *and said parties are hereby permitted to proceed to judgment as allowed by law and that said parties are hereby enjoined from issuing execution upon the judgments obtained by them. And said judgments of said parties are hereby declared to be the first liens upon the property of said J. W. Walker,* and the defendant, J. W. Walker, joining in with the petitioning creditors for the appointment of a receiver."

A receiver was appointed naming him and requiring him to give certain bond and empowering him to take charge of the property of J. W. Walker. Also requiring him to advertise for creditors to come in and make themselves parties and present their claims and make report. "And said receiver is hereby directed to pay the taxes due by the said J. W. Walker out of the first moneys coming into his hand and the costs and charges of administration *and apply next said moneys to the payment of claims in the order of their priority, to wit, the Bank of Murphy, A. J. Burns, and G. N. Henson, liquidating agent of the Central Bank and Trust Company."*

The receiver made report on 2 December, 1931, and Judge Harding ordered the receiver to publish notice for six weeks for all creditors of the defendant, J. W. Walker, to "file with said receiver proofs of their respective claims within twelve months from the date of said notice is first published, and in default of their filing their claims within said time that they be barred from participating in the assets of said J. W. Walker; and further, that said notice direct all persons, firms, or corporations indebted to said J. W. Walker to make immediate settlement with said receiver. . . . This cause is retained for further orders."

That pursuant to said advertisement Mrs. Frankie Maxwell, who had a claim for $8,629.49 and interest against J. W. Walker on 15 July, 1932, gave notice to the Bank of Murphy, A. J. Burns, and G. N. Henson liquidating agent of the Central Bank that she would move before Judge J. Hoyle Sink to amend the order of Harding, judge, "in so far as said order attempts to create a preference in favor of the above mentioned defendants or either of them." The town of Andrews that had a claim of $20,619.51 and interest against J. W. Walker and Will Luther, executor of the estate of George Luther, that had a claim of $7,693.87 and interest against J. W. Walker, joined in the contention

of Mrs. Maxwell. It is contended by these creditors that the property in the hands of the receiver is not sufficient to pay the preference and leave a surplus with which to pay the general creditors.

When the cause came on for hearing before Sink, judge, he found certain facts and denied the motion. In this we see no error as on the entire record the conclusion reached was correct. The record discloses that the judgments docketed against J. W. Walker in the order of their docketing in the Superior Court of Cherokee County, are as follows: (a) Bank of Murphy, docketed 17 November, 1931; (b) A. J. Burns, docketed 30 November, 1931; (c) Gurney P. Hood, Commissioner of Banks, ex rel. Central Bank and Trust Company, docketed 19 December, 1931.

C. S., 614, in part is as follows: "Upon filing a judgment roll upon a judgment affecting the title of real property, or directing in whole or in part the payment of money, it shall be docketed on the judgment docket of the Superior Court of the county where the judgment roll was filed, and may be docketed on the judgment docket of the Superior Court of any other county upon the filing with the clerk thereof a transcript of the original docket, and is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for ten years from the date of the rendition of the judgment." etc.

Under the above law the parties, the Bank of Murphy, A. J. Burns, and Gurney P. Hood, Commissioner, had liens on the land of J. W. Walker as above set forth for the respective amounts due them.

C. S., 7986, in part, "Taxes shall not be a lien upon personal property except where otherwise provided by law, but from a levy thereon," etc. *Carstarphen v. Plymouth,* 186 N. C., 90. C. S., 711, provides for supplemental proceedings where execution unsatisfied: "In *Carson v. Oates,* 64 N. C., 115, it was said 'Supplemental proceedings were intended to supply the place of proceedings in equity, where relief was given after a creditor had ascertained his debt by a judgment at law, and was unable to obtain satisfaction by process of law.' Such proceedings are held to be a substitute for the former creditors' bill, and are governed by the principles established under the former practice in administering this species of relief in behalf of judgment creditors. *Rand v. Rand,* 78 N. C., 12, 14. Such proceedings differ from the old creditor's bill, however, in that the latter operated for the benefit of all creditors who chose to come in, while the former are only beneficial to the particular creditors who institute them. *Righton v. Pruden,* 73 N. C., 61." See *Grocery Co. v. Banks, supra.*

Judge Harding in the judgment gave the parties what they were entitled to under the law, to be permitted to proceed to judgment which gave them a lien and after payment of taxes to "apply next said moneys to the payment of claims in the order of their priority." J. W. Walker, the owner of the real and personal property joined in the petition for the appointment of the receiver and made no objection to the judgment rendered by Judge Harding. The objecting creditors, Mrs. Maxwell and others, do not question the appointment of the receiver but the preferences. Under the facts and circumstances of this case Mrs. Maxwell and the other creditors joining with her cannot be allowed to upset the judgment as to the preference. The action of the court in restraining said judgment creditors from selling the property of the judgment debtor under execution, and at the same time giving them such rights as they might otherwise have acquired by an execution, levy and supplemental proceeding does not prejudice the intervening creditors, Mrs. Maxwell and others, who had at the time taken no action toward obtaining a judgment against the defendant, Walker. In fact an orderly way was provided by the appointment of a receiver with the consent of J. W. Walker and the Bank, Burns, and Hood, Commissioner, agreeing to same by not objecting. On the entire record the judgment of the court below is

Affirmed.