SUMMERS HARDWARE COMPANY, INC., v. D. P. JONES AND JIM JONES.

(Filed 8 January, 1943.)

**1. Judgments §§ 19c, 19d, 20—**

Defendants inherited certain lands from their mother and subsequent thereto a large number of judgments were taken and docketed against them; and defendants then inherited other lands and personalty from their father and thereafter other judgments were docketed against them. Plaintiff, one of the first set of judgment creditors, brought suit and attached all of the lands and personalty of defendants, the other judgment creditors were brought in as parties, and plaintiff claimed a specific lien on the attached property, superior to the liens of other judgment creditors. *Held:* (1) With reference to the lands acquired from the mother, all of the judgments have priorities in the order of their docketing; (2) as to the lands acquired from the father, all judgments docketed prior to such acquisition are on a parity and must prorate, while those docketed since, take priority in the order of their docketing; (3) the attachment of the personalty gives the plaintiff a lien superior to all others.

**2. Judgments § 19d: Equitable Liens § 1—**

When by his diligence a creditor uncovers, by legal proceeding, new or hidden assets, not available to creditors but for such diligent action, he ordinarily acquires a lien superior to others; but here plaintiff brought in, by his suit and attachment, nothing which it was not the right of all holders of docketed judgment to proceed against by execution, if and when they so desired.

**3. Judgments § 19d: Attachment § 14—**

> Where a judgment has become a lien on property of defendant, before the levy of an attachment on the same property, the judgment creditor will prevail over the attaching creditor.

APPEAL by plaintiff from *Rousseau, J.,* at July Civil Term, 1942, of ASHE. Affirmed.

Various creditors of the defendants, among them the plaintiff, had reduced their claims to judgment and docketed the same, respectively acquiring under C. S., 614, liens upon all the real property the judgment debtors had, at the time, in the county where the judgments were docketed, and any they might acquire within ten years after the rendition of the respective judgments. None of the judgments antedated the death, intestate, of the mother, Mahala Jones, which occurred in 1916, and from her the defendants inherited an undivided interest in lands, subject to the life tenancy by the curtesy of the father, Norman H. Jones, which terminated on his death 1 May, 1938. From him, by devise, J. C.—"Jim"—Jones received an undivided interest in other lands. Other judgments were taken and docketed subsequent to that date.

The plaintiff, holding a judgment docketed 22 May, 1923, brought action thereupon, and caused an attachment to be levied upon the defendants' interest in the parcels of land acquired from Mahala Jones and from Norman H. Jones, alleging defendants to be nonresidents. The various judgment debtors were made parties to the action. The plaintiff contended that, by virtue of the attachment, it had obtained a specific lien on the attached property, superior to the liens of other judgment creditors, whensoever acquired. Other judgment creditors controverted this contention and asserted their own claims.

By agreement the action was tried before Judge J. A. Rousseau at a Superior Court in Ashe County, without the intervention of a jury. Finding the facts, the judge concluded that, by virtue of the attachment and levy thereunder, plaintiff acquired a specific and paramount lien on the personal property attached, the distributive share of Jim Jones in the personal estate of his father, but as to the real estate in controversy, he found as follows:

"5. That all judgment creditors of the said D. P. Jones and Jim Jones whose judgments were docketed prior to May 1, 1938, according to their respective interest, hold liens of equal dignity against all the real estate which may belong to the said D. P. Jones and Jim Jones by descent or devise from the estates of their father and mother, Norman H. Jones and Mahala Jones.

"6. That the plaintiff, Summers Hardware Company, Incorporated, in so far as said real estate is concerned, did not acquire any superior or preferred lien under and by virtue of the levy referred to in Finding of Fact No. 2, but, according to said amount of its docketed judgment, is entitled to share *pro rata* with the other said judgment creditors therein."

Judgment was entered accordingly, and plaintiff appealed.

*Bowie & Bowie for plaintiff, appellant.*

*W. B. Austin, Grant Bauguess, and Ira T. Johnston for defendants, appellees.*

SEAWELL, J. The Court is of the opinion that the trial judge was correct in his interpretation of the law and its application to the facts of the case.

With reference to the lands, or interest therein, which defendants acquired from their mother in 1916, since all the judgments listed were taken subsequent to that date, they have priorities in the order of their docketing. *Titman v. Rhyne,* 89 N. C., 64; *Dillard v. Walker,* 204 N. C., 67, 167 S. E., 632; *Hardy v. Carr,* 104 N. C., 33, 10 S. E., 128; *Jones v. Currie,* 190 N. C., 260, 129 S. E., 605. As to the land acquired by J. C. Jones 1 May, 1938, by devise from his father, all the judgments which have been docketed prior to that date are on a parity and must pro rate, since the liens attached simultaneously upon the death of the devisor. *Linker v. Linker,* 213 N. C., 351, 196 S. E., 329; *Johnson v. Leavitt,* 188 N. C., 682, 125 S. E., 490. The two judgments docketed after 1 May, 1938, are entitled to be paid in their order after judgments having prior liens have been satisfied.

Since, under C. S., 614, no lien attaches to personalty by reason of the docketing of the judgment, although such a lien may be acquired by levy, the order of Judge Rousseau sustaining the prior lien of the attachment as to the personal property of J. C. Jones is correct.

The plaintiff contends that its lien under the attachment is superior to those of other judgment creditors because of the diligence it exercised beyond that of other judgment creditors in discovering that the defendants were nonresidents and not entitled to a homestead against execution, and in acting thereupon. But the principle on which the plaintiff depends ordinarily applies when such diligence has uncovered new funds to which resort may be had in satisfaction of the debt; as, for example, when an equitable lien may exist in favor of a creditor who has instituted a proceeding supplemental to execution and has uncovered property fraudulently concealed or put beyond the reach of execution. But in the case at bar, when the defendants became nonresidents, their entire real property, free of homestead exemption, became presently subject to

execution—Constitution, Art. X, sec. 2; *Taylor v. Hayes,* 172 N. C., 663, 90 S. E., 801; *Baker v. Legget,* 98 N. C., 304—a right which inured to all the judgment creditors and which could not be affected by resort to attachment. Under chapter 359, Public Laws of 1885, a docketed judgment has a lien upon the homestead even after it has been set apart; and plaintiff brought in by its attachment nothing against which it was not the right of all the holders of docketed judgments to proceed by execution, if and when they so desired.

As expressed in 7 C. J. S., page 40, Attachment, "Where a judgment has become a lien on property of defendant, before the levy of an attachment on the same property, a judgment creditor will prevail over the attaching creditor." That is the law in this State. *Hambley v. White,* 192 N. C., 31, 133 S. E., 399; *Moore v. Jordan,* 117 N. C., 86, 33 S. E., 259; *Pasour v. Rhyne,* 82 N. C., 149.

The judgment of the lower court is

Affirmed.