CHARLES R. HASSELL, JR., TRUSTEE FOR THE HOME INDEMNITY COMPANY v. FIRST PENNSYLVANIA BANK, N.A.

No. 782SC686

(Filed 15 May 1979)

Uniform Commercial Code § 42— no continuation of financing statement—security interest unperfected—no relation back of lien by levy

   A lien by levy pursuant to judgment does not relate back to the filing date of a financing statement when the security interest has become unperfected by the lapse of time under N.C.G.S. 25-9-403(2).

APPEAL by plaintiff from *Tillery, Judge*. Judgment entered 14 December 1977 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 5 April 1979.

Plaintiff appeals from the judgment of the trial court dismissing plaintiff's complaint for failing to state a cause upon which relief can be granted, and allowing defendant's motion for summary judgment.

Plaintiff alleges he has a security interest in certain personal property located in Beaufort County based upon a purchase money security agreement and a judgment against the debtor, Seacrest Marine Corporation, recorded in Wake and Beaufort counties.

Defendant bank answered, alleging its security interest in the personal property was superior to plaintiff's claim.

The materials before the court upon the hearing of the motions showed that in 1971 Koehring Company sold certain machinery to Seacrest Marine Corporation. The property is

located in Beaufort County. Part of the purchase price was financed pursuant to a sales contract and security agreement and on 21 January 1971 Koehring filed a financing statement with the Secretary of State and Register of Deeds of Beaufort County.

On 25 August 1972 Seacrest executed two notes to defendant bank for $1,915,000 secured by a security interest in the subject personal property. Defendant filed financing statements with the Secretary of State and Register of Deeds of Beaufort County on 28 March 1972 and 29 January 1973. Continuation statements were filed 8 November 1976.

Koehring instituted suit on its claim against Seacrest on 16 February 1973 in Wake County and obtained judgment in April 1975. The judgment was paid by Home Indemnity Company as surety for Seacrest in October 1976 and Koehring executed assignments of its security agreements and judgment against Seacrest to plaintiff, trustee for Home Indemnity Company.

On 9 September 1976 the Wake County judgment against Seacrest was docketed in the office of the Clerk of Superior Court of Beaufort County. In September 1977 defendant proceeded to exercise its right to sell the collateral under the terms of its security agreement. The proposed sale was enjoined by court order, and postponed by attorney for defendant until 28 September 1977. On 27 September 1977, the temporary restraining order enjoining the sale was dissolved, and defendant's attorney proceeded to sell the property at the courthouse in Beaufort County when defendant was the last and highest bidder in the amount of $400,000.

Thereafter, on 14 October 1977, the Sheriff of Beaufort County levied on the property pursuant to an execution on plaintiff's judgment against Seacrest.

*Davis, Hassell, Hudson & Broadwell, by Charles R. Hassell, Jr. and Donald A. Davis, for plaintiff appellant.*

*Spruill, Trotter & Lane, by Will H. Lassiter III, for defendant appellee.*

MARTIN (Harry C.), Judge.

In order for plaintiff to succeed on this appeal his levy of 14 October 1977 must relate back to the filing of the financing state-

ment on 21 January 1971. N.C. Gen. Stat. 25-9-501(5). It is black letter law that plaintiff, as assignee, has no greater rights than his assignor. Koehring failed to file a continuation statement with respect to its financing statement against Seacrest. Therefore, plaintiff's financing statement lapsed on 21 January 1976 and the security interest became unperfected. N.C. Gen. Stat. 25-9-403(2). Plaintiff contends the effect of the judgment levy should relate back to the filing date of the financing statement, even though the financing statement has lapsed by the passage of the five year period, and the security interest has become unperfected. Plaintiff argues that upon beginning an action to enforce the security interest within the five year period, it is not necessary to file a continuation statement to maintain the priority of the security interest.

Plaintiff relies upon *Chrysler Credit Corp. v. United States*, 24 U.C.C. Reporting Service 794 (U.S. District Court, E.D.Va., 3 March 1978). Chrysler had filed a financing statement 9 October 1967 and a continuation statement 7 July 1972, giving it a perfected claim against debtor at the time the United States filed its tax lien 27 April 1976. The Court held the filing of the lawsuit against the United States, for the purpose of determining the priority of the parties to the debtor's assets, gave notice to United States of Chrysler's claim and tolled the obligation of Chrysler to file another continuation statement with respect to the defendant, United States.

In the Chrysler case the very purpose of the litigation was to determine priority of liens between Chrysler and the United States. The problem of relation back under Section 25-9-501(5) of the Uniform Commercial Code was not before the Court. Here, plaintiff seeks to maintain his priority by virtue of the judgment against the debtor Seacrest, not by judgment against defendant bank.

We hold the lien by levy pursuant to judgment does not relate back to the filing date of the financing statement when the security interest has become unperfected by the lapse of time under N.C.G.S. 25-9-403(2). *See Stearns Mfg. Co., Inc. v. National Bank and Trust Co. of Central Pennsylvania*, 12 U.C.C. Reporter 189 (1972).

Plaintiff's levy under the judgment was on 14 October 1977, more than two weeks after Seacrest's interest in the property had been extinguished by the public sale. No lien attached as to the personal property by reason of the docketing of the judgment in Beaufort County. A lien only attaches on personal property upon levy of execution. *Hardware Co. v. Jones*, 222 N.C. 530, 23 S.E. 2d 883 (1943).

The trial court correctly held defendant's lien was superior to plaintiff's claim, and the entry of summary judgment for defendant was appropriate.

The judgment of the Superior Court is

Affirmed.

Judges VAUGHN and ERWIN concur.