### In re William Henry BELK Jr., a/k/a William Henry Belk, Debtor.

### Justin P. HAVEE, as Trustee for William Henry Belk Jr., a/k/a William Henry Belk, Plaintiff,

v.

### Irwin BELK and Union Bank of Bavaria, Defendants.

### Bankruptcy No. 82–00354–BKC–JAG. Adv. No. 82–0486–BKC–JAG–A.

United States Bankruptcy Court, S.D. Florida.

Dec. 23, 1982.

Phillips & Phillips, P.A., Miami, Fla., for trustee.

Monroe Gelb, c/o Gelb & Spatz, Miami, Fla., Attys. for debtor.

Joseph B.C. Kluttz, Charlotte, N.C., Robert M. Sondak, c/o Paul, Landy, Beiley, Harper & Metsch, Miami, Fla., James F. Gleason Jr., c/o Hertzog, Calamari & Gleason, New York City, co-counsel for Union Bank of Bavaria.

Justin P. Havee, Trustee, Stephen H. Judson, c/o Blackwell, Walker, Gray, Powers, Flick & Hoehl, Attys. for Irwin Belk, Miami, Fla.

JOSEPH A. GASSEN, Bankruptcy Judge.

### FINDINGS AND CONCLUSIONS

This adversary proceeding was commenced by the complaint of the trustee for debtor William Henry Belk Jr. seeking a determination that certain property is property of the estate and for avoidance of a

---

judicial lien as a preference and for turnover. The property in question is two obligations owed by defendant Irwin Belk to his brother, the debtor, which defendant Union Bank of Bavaria obtained through a supplementary proceeding. The bank counterclaimed for termination of the automatic stay.

The parties stipulated to most of the facts and other evidence was admitted in the form of affidavits and documentary exhibits. The real issue in this case is whether supplementary proceedings commenced in a North Carolina court outside the preference period, but only completed within the preference period, create a lien which is unavoidable by a trustee in bankruptcy.

The facts upon which this issue arises are as follows. On October 22, 1981 the Union Bank obtained a judgment against William Henry Belk for $2,960,680.35 in the U.S. District Court for the Western District of North Carolina (Joint Exhibit C). On November 25, 1981 the bank commenced a supplementary proceeding in the North Carolina state court. Upon the bank's motion and affidavit, an order was entered by the clerk compelling Irwin Belk to appear and answer concerning indebtedness he might owe William Henry Belk, and staying him from making any transfer of such property. The motion and order were served on Irwin Belk by the sheriff the same day (Joint Exhibit D). December 1, 1981 marked the beginning of the preference period because the debtor subsequently filed his petition in bankruptcy on March 1, 1982. Irwin Belk was examined on December 8, 1981 pursuant to the supplementary proceeding order, and on December 11, 1981 a notice of levy and order for money to be paid into court was entered by the clerk based on the December 8 examination (Joint Exhibit E).

All parties agree that recording alone is insufficient to create a lien on personal property. It is plaintiff's position that no lien can attach to personal property until levy on the particular property. The bank, on the other hand, contends that an equitable lien arises on commencement of supplementary proceedings. North Carolina Gen. Stat. § 1–313, "Form of Execution" in subsection (1) provides in pertinent part:

... but no execution against the property of a judgment debtor is a lien on his personal property, as against any bona fide purchaser from him for value, or as against any other execution, except from the levy thereof.

The bank concedes the plain language of the statute and cases to that effect. However, it contends that execution and levy, to which this statute refers, arose as a proceeding at law, and that the parallel, but separate proceeding in equity was a creditors' bill. While it is not an easy decision to make, this court concludes that the bank is correct.

Supplementary proceedings, as authorized in N.C.Gen.Stat. § 1–360 are the successor to the creditors' bill. Although there appears to be no case directly on point, dicta in several North Carolina cases indicate that a lien arises upon the filing of supplementary proceedings, at least as to the type of intangible personal property present in this case. As stated in *Battery Park Bank v. Western Carolina Bank*, 127 N.C. 432, 37 S.E. 461 (1900):

... the law, we think, is correctly stated as follows: The lien obtained by the commencement of an action in the nature of a creditor's bill creates a lien upon the choses in action and equitable assets of the debtor but not upon his tangible personal property...

See also *Summers Hardware Co. v. Jones*, 222 N.C. 530, 23 S.E.2d 883 (1943); *Carr v. Fearington*, 63 N.C. 560 (1869). Cases in other jurisdictions more clearly show the creation of a lien upon commencement of supplementary proceedings. E.g., *Wickwire Spencer Steel Co. v. Kemkit Scientific Corp.*, 292 N.Y. 139, 54 N.E.2d 336 (C.A.N.Y.1944); *In re Pemberton*, 260 F. 521 (S.D. Fla.1919); *Cannon Mills, Inc. v. Spivey*, 208 Tenn. 419, 346 S.W.2d 266 (1961).

It appears that the statute providing that no lien attaches to personal property prior to levy has existed in essentially its present form since at least 1869. Since the North

Carolina opinions cited above were written while the statute was in effect, it must be assumed that the courts were aware of it. Nevertheless an equitable lien was contemplated by those courts in supplementary proceedings. Therefore, the Union Bank must prevail here.

Pursuant to B.R. 921(a), a Final Judgment incorporating these Findings and Conclusions is being entered this date.