# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

John W. Ainslie, Sr.,
John W. Ainslie, Jr.,
and Jeffrey W. Ainslie

v.

Michael A. Inman,
receiver for the interests of
Robert M. Buchanan, Jr.,
in B & B Partnership,
Kevin B. Rack,
trustee u/w of
Robert M. Buchanan, Sr.,
Robert M. Buchanan, Jr.,
Robert L. Byrd,
and B & B Partnership

October 26, 2001

Case No. (Chancery) CH00-882

By Judge S. Bernard Goodwyn

This is a declaratory judgment proceeding in which the Court has been asked to determine the parties' rights to a partnership interest owned by Robert M. Buchanan, Jr., in B & B Partnership, a Virginia general partnership. The plaintiffs and defendant Kevin B. Rack have each moved for summary judgment. The plaintiffs have also moved the court for a charging order granting them a judgment lien on Robert M. Buchanan, Jr.'s transferable interest in B & B Partnership.

The following facts have been stipulated to for purposes of the motions presently before the Court:

1. From 1991 until the events in controversy in this cause of action, B & B Partnership was a Virginia general partnership. Robert M. Buchanan, Jr. ("Buchanan") owned a 50% interest in the partnership;

2. On January 24, 1995, Festive Foods, Inc., executed two promissory notes, each in the amount of $50,000.00, payable to John W. Ainslie, Sr., John W. Ainslie, Jr., and Jeffrey W. Ainslie ("the Ainslies"). Buchanan was the president of Festive Foods. Buchanan personally guaranteed each note, and, on January 24, 1995, Buchanan signed a security agreement, which pledged his partnership interest in B & B Partnership as collateral for the notes;

3. On January 26, 1995, the Ainslies properly filed financing statements regarding their security interest. The Ainslies never filed any continuation statement pursuant to Virginia Code § 8.9-403(2);

4. On May 8, 1997, Kevin B. Rack, Trustee under the Will of Robert M. Buchanan, Sr., obtained a judgment against Buchanan in the Chesapeake Circuit Court in the principal amount of $512,735.81, with interest at the rate of 8% from July 8, 1996, plus an award of attorney's fees of $170,894.85;

5. On June 3, 1997, Festive Foods, Inc., executed a promissory note payable to the Ainslies in the principal amount of $150,000.00. Payment of this note was guaranteed by Buchanan, and it was secured pursuant to the January 24, 1995, security agreement;

6. On April 15, 1998, Rack filed a petition in the Chesapeake Circuit Court to have the Court charge Buchanan's interest in B & B Partnership with the judgment that Rack had obtained against Buchanan;

7. On April 29, 1998, the Chesapeake Circuit Court held a hearing on Rack's petition to charge Buchanan's partnership interest with the amount of Rack's judgment. At the time the hearing was conducted, the note referred to in Stipulation No. 5 above was not in default. At the conclusion of the hearing, the Court granted Rack a charging order and appointed Michael A. Inman, an attorney in Virginia Beach, as a receiver. The Court's ruling was memorialized in an Order dated May 18, 1998;

8. On or about June 4, 1998, Buchanan defaulted in payment of the note referred to in Stipulation No. 5;

9. On June 4, 1998, an attorney, representing the Ainslies, mailed a letter of the same date to Buchanan. A copy of that letter is attached as Exhibit 1;

10. The attorney representing the Ainslies sent another letter, also dated June 4, 1998, to Buchanan's partner in B & B Partnership, the partnership's attorney, Buchanan, and others. A copy of that letter is attached as Exhibit 2. The Ainslies never received a response from any of the individuals or entities to which this June 4, 1998, letter was mailed. In addition, the Ainslies have no evidence that B & B Partnership ever transferred "the

name of the ownership of the former interest of Robert M. Buchanan, Jr., to Secured party," as was requested in the letter;

11. On August 6, 1998, the Chesapeake Circuit Court entered a consent judgment order in favor of the Ainslies against Buchanan in the amount of $150,000.00, with interest from June 3, 1997, at the prime rate as set by NationsBank, until paid. This judgment remains of record in the Chesapeake Circuit Court with no amendments or notations;

12. From August 6, 1998, until the filing of their Petition for a Declaratory Judgment, the Ainslies took no collection actions against Buchanan through the courts (*i.e.*, a summons to answer debtor's interrogatories, a summons in garnishment, a levy, etc.);

13. An attorney representing B & B Partnership eventually disbursed two checks payable to Inman, one in the amount of $139,830.47, and the other in the amount of $68,571.09. The checks represented what the partnership claimed was Buchanan's share of the partnership's profits from the sale of two parcels of land. With the exception of settlements and disbursements agreed to by the parties in this proceeding, Inman continues to hold these funds in his capacity as Receiver;

14. On July 28, 2000, Inman, as the Receiver of Buchanan's interest in B & B Partnership, filed a petition with the Chesapeake Circuit Court, asking the Court to determine the priority of claims between Rack and the Ainslies to Buchanan's interest in the B & B Partnership, and thus, the escrow account that Inman maintains;

15. On August 25, 2000, the Ainslies filed a Petition for Declaratory Judgment with the Chesapeake Circuit Court, asking the Court to declare that, among other things, they are now the owners of Buchanan's 50% interest in B & B Partnership;

16. On May 2, 2001, the Ainslies filed a motion with this Court in this declaratory judgment proceeding, asking for the entry of a charging order on the Ainslies' judgment against Robert Buchanan, Jr., dated August 6, 1998.

The Ainslies' motion for summary judgment asks the Court to declare the Ainslies the rightful owners of Buchanan's transferable partnership interest in B & B Partnership. The essence of the Ainslies' argument is that they have strictly foreclosed upon Buchanan's transferable partnership interest in B & B Partnership pursuant to Virginia Code § 8.9-505(2).

A partner's share in the profits, losses, and distributions of a partnership is transferable personal property. Va. Code Ann. § 50-73.106 (Michie 1998). A partnership interest is a general intangible and if offered as security, it falls within the purview of Article 9 of the Uniform Commercial Code as adopted in Virginia. See Va. Code Ann. § 8.9-101, *et seq.* A secured interest in a general intangible is perfected by the filing of a financing statement in the appropriate filing locations describing the collateral. Va. Code Ann. §§ 8.9-301 to 8.9-303.

It is undisputed that the Ainslies' obtained Buchanan's transferable partnership interest in B & B Partnership as security and that they perfected that security interest by properly filing a financing statement on January 26, 1995. On or about June 3, 1998, Buchanan defaulted on the promissory note secured by the Ainslies' perfected security interest in B & B Partnership. The Ainslies claim that they foreclosed upon their perfected security interest under the "strict foreclosure" procedure provided in Virginia Code § 8.9-505(2). Title 8.9 of the Virginia Code was repealed effective July 1, 2001, but governs in this proceeding which commenced prior to the repeal of Title 8.9.

Virginia Code § 8.9-505(2) states as follows:

> In any other case involving consumer goods or any other collateral a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor if he has not signed after default a statement renouncing or modifying his rights under this subsection. In the case of consumer goods, no other notice needs to be given. In other cases, notice shall be sent to any other secured party from whom the secured party has received (before sending his notice to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral. If the secured party receives objection in writing from a person entitled to receive notification within twenty-one days after the notice was sent, the secured party must dispose of the collateral under § 8.9-504. In the absence of such written objection, the secured party may retain the collateral in satisfaction of the debtor's obligation.

Va. Code Ann. § 8.9-505(2).

In order to meet the requirements of a strict foreclosure under Virginia Code § 8.9-505(2), there must be, (1) a default; (2) a secured party in possession of the collateral; (3) written notice sent to the debtor by the secured party that the secured party proposes to retain the collateral in full satisfaction of the debt; and (4) a period of twenty one days during which time the debtor or a secured party may object to the proposed retention of the collateral. See James J. White & Robert S. Summers, *Uniform Commercial Code,* 586-87 (3rd ed. 1988).

It is undisputed that a default occurred. The Ainslies claim to have gained possession of Buchanan's transferable interest in B & B Partnership and to have given notice of their intent to strictly foreclose by a letter dated June 4, 1998 (Exhibit 2).

Even if the Ainslies had possession of the collateral, Virginia Code § 8.9-505(2) requires that written notice be sent of the proposal to retain

the collateral in satisfaction of the obligation. Whether a general intangible, such as Buchanan's partnership interest in B & B Partnership, may be possessed for purposes of a strict foreclosure pursuant to Virginia Code § 8.9-505(2) would be a question of first impression in Virginia.

The Court will next examine the issue of whether the Ainslies provided the notice required by Virginia Code § 8.9-505(2).

The letter, which was sent to Buchanan, Buchanan's general partner in B & B Partnership, and others (Exhibit 2), states that the Ainslies were giving notice that they were "taking possession of and foreclosing upon the partnership interests of Robert M. Buchanan, Jr., in B & B Partnership. . . ." The letter further "instructs the partnership to transfer the name of ownership of the former interest of Robert M. Buchanan, Jr., to Secured Party." The Ainslies argue that this was sufficient notice of their intent to retain Buchanan's partnership interest in full satisfaction of his obligation to them.

Note 1 of the Official Comment following § 8.9-505 states in part:

> In lieu of resale or other disposition, the secured party may propose under subsection (2) that he keep the collateral, as his own, thus discharging the obligation and abandoning any claim for a deficiency. . . .

Va. Code Ann. § 8.9-505, n. 1.

As stated in *Anderson on the Uniform Commercial Code:*

> The notice required by UCC § 9-505 must clearly state the creditor's intention to retain the collateral in satisfaction of the secured debt.
>
> A notice will be held as a matter of law to not comply with UCC § 9-505 when it does not clearly and explicitly inform the debtor that the creditor was retaining the collateral in full satisfaction of the debt.

10 Ronald A. Anderson, *Anderson on the Uniform Commercial Code*, § 9-505:84, 907 (3rd ed. 1999).

The notice sent by the Ainslies and attached hereto, as Exhibit 2, did not propose to retain the collateral in satisfaction of the obligation. The letter, even viewed in the light most favorable to the Ainslies, merely states that it provides notice that the Ainslies were taking possession of, repossessing, and foreclosing upon Buchanan's partnership interests. There is no mention of a proposal to retain the collateral in full satisfaction of the debt owed to the Ainslies by Buchanan. The Court finds as a matter of fact and law that the Ainslies failed to provide the written notice to the debtor required by Virginia Code § 8.9-505(2) to effectuate a strict foreclosure.

Since the Ainslies did not provide the notice required, they did not effectuate a strict foreclosure of Buchanan's transferable partnership interest pursuant to Virginia Code § 8.9-505(2). Therefore, the Court finds that the Ainslies are not the rightful owners of Buchanan's partnership interest in B & B Partnership.

In one of their briefs, Brief in Opposition to Trustee, Kevin B. Rack's Motion for Summary Judgment, p. 11, the Ainslies invite the Court to find that if they did not strictly foreclose upon Buchanan's partnership interest pursuant to Virginia Code § 8.9-505(2), that they foreclosed upon his partnership interest pursuant to Virginia Code § 8.9-504. The evidence does not support the proposition that the Ainslies foreclosed upon Buchanan's partnership interest pursuant to Virginia Code § 8.9-504, and the Court declines the invitation to so find. The Court finds as a matter of fact and law that the Ainslies did not foreclose upon Buchanan's partnership interest pursuant to Virginia Code § 8.9-504.

The Ainslies' Motion for Summary Judgment is denied.

In his motion for summary judgment, Rack requests the Court to rule that his judgment and subsequent charging order give him lien priority over the Ainslies as to the income, profits, and any other distributions arising from Buchanan's transferable interest in the B & B Partnership. Subsequent to the filing of Rack's Motion for Summary Judgment, the Ainslies have filed a motion for a charging order in which they request that they be granted a charging order to satisfy the judgment they have obtained against Buchanan, and alleging that, pursuant to Virginia Code § 8.9-501(5), their charging order should be granted priority over that of Rack. Rack's Motion for Summary Judgment and the Ainslies' Motion for Charging Order will be considered together because they concern the same issues.

It is undisputed that, on January 24, 1995, Buchanan signed a security agreement with the Ainslies, granting them a security interest in Buchanan's partnership interest in B & B Partnership. The Ainslies perfected this security interest by properly filing financing statements on January 26, 1995. A filed financing statement is effective for a period of five years from the date of filing, and effectiveness of a filed financing statement lapses on the expiration of the five year period unless a continuation statement is filed prior to the lapse. Va. Code Ann. § 8.9-403(2). The Ainslies never filed a continuation statement. The Ainslies financing statements expired on January 26, 2000. On May 8, 1997, Rack obtained a judgment against Buchanan and, in April 1998, obtained a judgment lien order against Buchanan's partnership interest in B & B Partnership by way of a charging order.

Virginia Code § 8.9-403(2) provides as follows in pertinent part:

> Upon lapse, the security interest becomes unperfected, unless perfected without filing. If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected

as against a person who became a purchaser or lien creditor before lapse.

Va. Code Ann. § 8.9-403(2).

An unperfected security interest is subordinate to the rights of a person who becomes a lien creditor before perfection. Va. Code Ann. § 8.9-302(1).

The Ainslies' security interest in Buchanan's partnership interest, a general intangible, was not perfected without the filing of a financing statement. The Ainslies' financing statement lapsed in January 2000. Rack became a lien creditor, by obtaining a charging order against Buchanan's partnership interest in April 1998, before the lapse of the Ainslies' financing statement in January 2000. Thus, the Ainslies' security interest created by the security agreement is deemed to be unperfected against lien creditor Rack, and is subordinate to Rack's judgment lien created by his charging order.

The Ainslies argue that, even if their security interest is subordinate to Rack's judgment lien, they may establish priority over Rack by obtaining a judgment lien of their own, against Buchanan's partnership interest in B & B Partnership. The Ainslies contend that a secured creditor that reduces a claim to judgment prior to expiration of his perfected security interest is entitled to the relation back provision of Virginia Code § 8.9-501(5) for any subsequent execution on the judgment, even if that execution occurs after the lapse of the filing. The Ainslies' position is that, pursuant to Virginia Code § 8.9-501(5), any charging order obtained by them would relate back to January 26, 1995, when they perfected their security interest. Thus, their charging order would be entitled to priority over Rack's 1998 charging order. This is a question of first impression in Virginia.

In June 1998, Buchanan defaulted on his obligation, to the Ainslies, secured by his partnership interest, and, in August 1998, the Ainslies obtained a judgment against Buchanan on that obligation. The Ainslies now seek a charging order against Buchanan's partnership interest. The Court hereby grants the Ainslies a charging order against the Buchanan's partnership interest in B & B Partnership, and will determine the disputed priority of that lien.

The only transferable interest that a partner has in the partnership is the partner's share of the profits and losses of the partnership and the partner's right to receive distributions. See Va. Code Ann. § 50-73.105. This interest is personal property, which is subject to a lien by a judgment creditor by way of a charging order. Va. Code Ann. § 50-73.108. Judgment creditors obtain priority against a debtor's partnership interest in the sequence in which they are granted charging orders, *i.e.* first in time is first in priority. See *In re Pischke,* 11 B.R. 913, 918 (E.D. Va. 1980).

Virginia Code § 8.9-501(5) provides that:

> When a secured party has reduced his claim to judgment, the lien of any levy which may be made upon his collateral by virtue of any execution based upon the judgment shall relate back to the date of the perfection of the security interest of such collateral. A judicial sale, pursuant to such execution, is a foreclosure of the security interest by judicial procedure within the meaning of this section, and the secured party may purchase at the sale and thereafter hold the collateral free of any other requirements of this title.

Va. Code Ann. § 8.9-501(5).

When the secured creditor obtains a judgment on the debt and an execution levy is made on the collateral after the perfection of the security interest has lapsed, the lien of execution dates of the time of the levy and does not relate back to the filing of the financing statements. *Hassell v. First Pa. Bank,* 41 N.C. App. 296, 254 S.E.2d 768, 770 (1979); see *Steams Mfg. Co. v. National Bank & Trust Co. of Cent. Pa.,* 12 U.C.C. Rep. 189 (1972); Anderson, *supra,* § 9-403:75, at 76.

The Ainslies now seek an execution levy against Buchanan's partnership interest by way of a charging order. The perfection of the Ainslies' security interest in Buchanan's partnership interest lapsed in January 2000 when they failed to file for a continuation of their financing statements. *See* Va. Code Ann. § 8.9-403. Therefore, the lien of execution for a charging order now granted to the Ainslies would not relate back to the January 1995 filing of their financing statements. Thus, the lien created by Rack's charging order predates the lien created by the charging order granted to the Ainslies and is entitled to priority over the Ainslies' charging order.

The provisions of Virginia's Uniform Commercial Code do not provide the Ainslies with the ability to relate back any levy on their judgment nor does it provide them any other entitlement to priority over Rack's lien because of their now unperfected security interest in Buchanan's partnership interest. Viewing the Ainslies and Rack as judgment creditors, priority against Buchanan's partnership interest should be determined in the sequence in which their charging orders were granted. Since the charging order issued to Rack in April 1998 is prior in time, the Court finds that it has priority over the charging order issued to the Ainslies.

Rack's motion for summary judgment is granted. The Ainslies' Motion for a Charging Order is granted in part and denied in part in that the Court has granted the Ainslies a charging order, but finds, as stated above, that such charging order is not entitled to priority over the charging order previously granted to Rack.